# SUPREME COURT.

## CATHARINE LACHENMEYER, appellant, agt. AUGUST LACHENMEYER, respondent.

*Practice— Costs in divorce suits — Right of attorney to costs — When leave to issue execution therefor should be granted— Code of Civil Procedure, sections 763–779.*

The defendant in this action, by his wife for a limited divorce, moved to vacate an order of arrest upon which he had been held. An order denying the motion was affirmed by the general term, and an appeal to the court of appeals was dismissed, with costs. The remittitur upon the decision of the court of appeals was received by the attorney on June 22, 1882, and on the following day the plaintiff died. Judgment

Lachenmeyer agt. Lachenmeyer.

was entered on the remittitur and the costs and disbursements adjusted at $117.77:

*Held*, that the costs belonged to the attorney who made the disbursements and rendered the services, and that leave to issue execution for their collection should have been granted, his right to receive them being in no manner dependent upon the continuance of the life of his client (BRADY, *J.*, *dissents*).

*First Department, General Term, August*, 1883.

*Before* DAVIS, *P. J.*, BRADY *and* DANIELS, *JJ.*

APPEAL by Albert Day from an order denying a motion for leave to issue an execution for the collection of costs and disbursements allowed to be recovered under the decision of the court of appeals.

*Albert Day*, in person.

*George F. Langbein*, for respondent.

DANIELS, *J.* — The action was prosecuted by the plaintiff against the defendant, as her husband, for a separation. She died on the 23d day of June, 1882, and as that event preceded any trial of the action, it necessarily brought it to an end. But, while it was pending, the defendant moved to vacate an order upon which he had been arrested in the action. This motion was denied, and on appeal to the general term the order was affirmed, and a further appeal from the last order to the court of appeals was dismissed, with costs. The remittitur upon the decision of the court of appeals was received by the attorney on the twenty-second of June, the day before the plaintiff died, and it was afterwards filed and an order entered, as that could be done, rendering the judgment of the court of appeals the judgment of the supreme court as of the 22d of June, 1882 (*Code of Civil Pro., sec.* 763).

The attorney afterwards, on motion, obtained the adjustment of the costs and disbursements in this particular proceeding at the sum of $117.77, and demanded payment of

that amount from the defendant's attorney, who refused to comply with the demand.

By the affidavit it appears that the services were wholly rendered and the disbursements all made by the attorney himself, who now claims to be allowed to collect these costs. Under these circumstances they belonged to him. They were a compensation for the services he alone rendered and the moneys he in fact had paid out, and under the rule sustained by *Marshall* agt. *Meech* (51 *N. Y.*, 140) these costs and disbursements were, in fact as well as in law, his property, and his right to receive the amount was in no manner dependent upon the continuance of the life of his client.

It is not necessary that the action itself shall continue to be prosecuted to collect these costs, neither was the right of the attorney to require their payment extinguished by the abatement of the suit. It was so much money he had acquired the right to collect and receive for himself from the defendant. The costs were given unqualifiedly; and at the time they were so given the attorney was vested with the right to have them adjusted and collected for his own benefit from the defendant, and that right is capable of being enforced under section 779 of the Code of Civil Procedure as it has now been amended. By force of that section an execution stating the facts may be issued against the personal property of the defendant, and these costs may be legally collected under it. It appeared that a motion had been made on the part of the plaintiff, which was denied on the 22d of June, 1882, with ten dollars costs, and that those costs had not been paid. This order was not shown to have been served either upon the plaintiff or her attorney, and for that reason no such default in the payment of the costs has been shown as would render the order a stay under the language of section 779 of the Code of Civil Procedure. These motion costs, by the order, were also required to be paid by the plaintiff herself to the defendant; and if service of the order had been shown the effect of the omission to pay would have been a stay of the proceed-

ings only on the part of the party required to make such payment. The attorney who is now endeavoring to collect the costs in legal effect allowed to him by the decisions of the courts was not this party.. The proceedings, therefore, could not be stayed by the omission of the plaintiff to comply with that part of the order which required her to pay these motion costs to the defendant. The order in this case should be reversed and an order entered directing the issuing of an execution in favor of the attorney against the personal property of the defendant for the collection of the costs finally recovered under the decision of the court of appeals; and the usual costs and disbursements upon the appeal should also be allowed.

DAVIS, P. J., concurs.

BRADY, *J.* — It appears that a former action by the plaintiff for the same cause was dismissed upon the merits, on the ground that the plaintiff's marriage under the laws of Louisiana, in which state the alleged marriage took place, was not lawful; and a judgment was entered thereupon which gave to the defendant costs in the sum of $114.58. This judgment existed and the costs were unpaid at the time of the commencement of this action, in which the defendant was arrested and held to bail. A motion was made to vacate the order of arrest; which was denied, and such proceedings were subsequently had in reference to it that the court of appeals dismissed the defendant's appeal, with costs against him in favor of the plaintiff, and which costs, it appears, amounted to $117.71. It appears also that during the proceedings and pending the appeal mentioned the plaintiff's attorney was allowed $250 counsel fee, of which the defendant was compelled to pay him $100, and ten dollars costs as the condition of a stay of proceedings pending the appeal. These sums were paid. Subsequently, it appears, the court reduced the amount of the original counsel fee one-half, namely, to $125, and on the 8th of May, 1882, the plaintiff's attorney was paid

Lachenmeyer agt. Lachenmeyer.

that sum, together with ten dollars costs, amounting in all to
$135, thus making in the aggregate the sum of $245 which
was paid to the plaintiff's attorney for himself up to the date
specified.

It appears also that subsequently the plaintiff's attorney
moved for a further allowance, which motion seems to have
been denied upon the 22d of June, 1882. On the 23d of
June, 1882, the plaintiff died intestate. On the day previous
the remittitur from the court of appeals dismissing the
appeals, as already mentioned, from the order denying motion
to vacate the order of arrest, was filed in this court. On the
6th of July, 1882, the plaintiff's attorney taxed the costs of
the appeals at $117.77.

It appears further that some negotiations took place in
reference to the payment of the plaintiff's costs, which
resulted in a disagreement, and subsequently the plaintiff's
attorney obtained an order to show cause why his bill of costs
should not be paid to him as counsel fee or allowance therein
for services as attorney and counsel for the plaintiff in this
action, and why the defendant should not pay to him such
further counsel fee or allowance for his services rendered to
the plaintiff as her attorney and counsel and the disbursements
in this action, as to the court might seem just and in accord-
ance with equity and good conscience, and why the plaintiff's
attorney should not have execution or precept therefor in this
action in the name of the plaintiff, to enforce the collection
of the same, and why he should not have such other and
further relief, as to the court seemed just.

It appeared upon the motion, that no judgment had been
entered herein for costs awarded by the failure of the defend-
ant's appeal from the order denying the motion to vacate the
the order of arrest. The motion was decided adversely upon
the propositions: First. That it was entirely unprecedented;
and Secondly. Assuming that judgment for costs had been
entered, the right of execution went to the plaintiff's personal
representatives, and not to the attorney of the deceased, whose

power was spent by the plaintiff's death, and who could take no action to recover the costs until employed by them so to do.   The court expressed a belief in the equitable claim of the plaintiff's attorney to these costs, but his mode of procedure to obtain them was regarded as without warrant or authority.

Such is the conclusion of this court upon the facts. . If the motion were in a condition to be heard without reference to the preliminary objections, which are fatal, the propriety of setting off this judgment would necessarily be involved.   The defendant having recovered in one action, and having a judgment for costs, and having, as we have seen, paid the various sums allowed to the plaintiff's attorney for his services in the action, and no evidence having been produced showing that the services rendered by him were worth more than the sum received, it might be very questionable whether the court would consider the application meritorious, even if it were presented in such a condition as to be entirely free from errors of substance or of form.   But, as suggested by the learned justice in the court below, it presents now such legal infirmities that no principle of law can be called into requisition to aid it, and the duty devolves upon this court, therefore, to affirm the order, with ten dollars costs and disbursements of this appeal.