### WINTON v. WINTON.

*(Supreme Court, Special Term, New York County.   December 29, 1889.)*

SET-OFF—COSTS AGAINST UNPAID ALIMONY.
Defendant in a divorce case, who had been imprisoned as for a contempt on his refusal to pay alimony awarded to plaintiff, was discharged by the general term because he had been previously imprisoned for the full period limited by law. *Held,* that the costs awarded by the court of appeals on its affirmance of this decision belonged to defendant's attorney, and that consequently plaintiff could not set off the unpaid alimony against such costs.

Action by Eliza L. Winton against Walter N. Winton for divorce.   Plaintiff moves to set off unpaid alimony against costs awarded to defendant.

*E. P. Wilder,* for plaintiff.   *George W. Stephens,* (*Foster & Stephens,* of counsel,) for defendant.

LAWRENCE, J.   This is a motion made by the plaintiff that the costs awarded to the defendant by the court of appeals upon the affirmance of the order of the general term herein, and which costs have been taxed at the sum of $101.17, be offset against an equal amount of the unpaid alimony due the plaintiff, under the judgment herein, and for such other and further relief as may be just.

The defendant had been arrested and imprisoned for the non-payment of alimony previously directed to be paid by the judgment in this action, and had remained in prison under the commitment because of such default of payment for the period of three months, when he was discharged from custody, pursuant to section 111 of the Code of Civil Procedure. Being again in default in the payment of alimony, another proceeding was instituted to punish him as for a contempt, and a commitment was issued at the special term, from the order directing which an appeal was taken to the general term, which reversed the order of the special term, (5 N. Y. Supp. 537,) and the order of the general term was subsequently affirmed by the court of appeals, with costs, (22 N. E. Rep. 379.) The costs on the affirmance in the court of appeals the plaintiff now seeks to offset against an equal amount of unpaid alimony. If I did not feel myself bound by the decisions which have been rendered in this department upon similar applications, I confess that I should feel inclined to grant this motion as a mere matter of equity. It was distinctly held in the case of *Tunstall* v. *Winton*, 31 Hun, 219, where the defendant moved to have the plaintiff's proceedings stayed because of the non-payment by him of certain costs, which had been awarded to the defendant upon a reversal in the court of appeals of an order for his arrest, that the costs in the court of appeals could not be offset against an equal amount of the general costs awarded to the plaintiff by the judgment in the action. It was further held that the costs of the successful appeal legally belonged, without any assignment, to the defendant's attorney, and hence that the order granting such set-off made at the special term should be reversed. In *Lachenmeyer* v. *Lachenmeyer*, 65 How. Pr. 422, it was held, where a motion had been made to vacate an order of arrest, and the motion had been denied at special and general term, and an appeal had been dismissed by the court of appeals, that the attorney for the successful party was entitled to the costs and disbursements granted by the judgment. These cases are decisive of this motion, but I shall deny it, without costs.