the sheriff, in December, 1897, made a motion to substitute the surviving indemnitor and the executors of the estates of the two deceased indemnitors, which motion was granted, and an order entered thereupon. Subsequently this order was resettled, and from the resettled order, and from an order refusing further resettlement, this appeal is taken.

It seems only to be necessary to consider one proposition. The statute substituting indemnitors is in derogation of the common law, and, as was said in Hayes v. Davidson, 98 N. Y. 22, "if the terms in which it is couched are susceptible of two interpretations, the one ought to be adopted which conforms most nearly to the rules of the common law, and encroaches least upon the individual rights affected by it." The provision is that, where application is made by the sheriff, the court shall grant an order substituting the indemnitors as defendants in the action in the place of the officer. In consequence of the death of the two indemnitors, this it is impossible to do. The executors of the estates of the deceased indemnitors were not indemnitors. The liability of the principal falls upon them as administrators of his estate, but they can in no sense be called indemnitors. The mere fact of their having been mentioned in the bond of indemnity gave no greater scope to the bond than if it had been silent in that respect. The indemnitor binds his estate by the execution of the bond, but his estate does not thereby become a party to the bond. His executors did not become indemnitors, because they did not execute the bond, and could not have bound the estate if they had so done. It seems to be clear, therefore, that the court was not justified in substituting the liability of the estates of deceased indemnitors for that of the sheriff. Even if it had the power, it seems to us that it would have been an improper exercise of such power upon the part of the court, as the procedure to collect a judgment against estates is very different from that which obtains in respect to judgments against individuals. The language used in Hayes v. Davidson, supra, is again apt:

"The cases must be rare when any useful purpose can be served by compelling a party to litigate his demands with persons as to whose liabilities, and their extent, many embarrassing questions may arise."

The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

---

(27 App. Div. 123.)

In re HAVEMEYER et al.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

1. COSTS—RIGHT OF SET-OFF.
   A party has no absolute right to have costs awarded in his favor set off against costs awarded against him during the progress of litigation, but such an application is addressed to the equitable discretion of the court, and must be determined in view of all the equities involved.

2. SAME—ASSIGNMENT TO ATTORNEY.
   Upon the removal of one H. from the position of executor, costs were awarded against him in favor of the petitioners, and, an execution issued upon the decree having been returned unsatisfied, a motion was made to

punish him for contempt. The order granting this motion was, after successive appeals, reversed by the court of appeals, with costs to H. in all the courts. Upon a motion by the petitioners to set off the costs, it appeared that H. had assigned to his attorney, in consideration of services, past and prospective, in the contempt proceeding, all costs that might be awarded on the appeal. *Held*, that the equities of the petitioners were inferior to those of H. and his attorney, and that the motion must be denied.

Appeal from order of surrogate, New York county.

In the matter of the application of Henry Havemeyer and others for the removal of J. Lee Humfreville as executor of Mary J. Havemeyer, deceased. From a refusal of a motion to set off costs awarded to Humfreville against the judgment of costs awarded against him, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Henry H. Whitman, for appellant.

Abram Kling, for respondents.

McLAUGHLIN, J. On the 5th day of May, 1896, a decree was entered in the surrogate's court of the county of New York revoking letters testamentary theretofore issued to J. Lee Humfreville, with costs, which he was personally directed to pay. The decree was entered by direction of this court, upon appeal from an order of the surrogate denying an application made by the respondents herein to remove Humfreville as executor of the last will and testament of Mary J. Havemeyer, deceased. 38 N. Y. Supp. 292. Thereafter, a certified copy of the decree having been personally served upon Humfreville, and execution issued thereon having been returned unsatisfied, a motion was made (under paragraph 2555, subd. 3, of the Code of Civil Procedure) to punish for contempt. The motion was granted, and an order entered to that effect. From this order Humfreville appealed to the appellate division (46 N. Y. Supp. 439), and from an order of affirmance there he appealed to the court of appeals. The court of appeals reversed the orders of the surrogate and appellate division, with costs to Humfreville in all the courts. 47 N. E. 1086. An order having been entered upon the remittitur of the court of appeals to this effect, a motion was made in the surrogate's court to set off the costs thus awarded to Humfreville against an equal amount of costs remaining unpaid under the decree above referred to. The motion was denied, and from the order thus entered this appeal is taken.

It appears from the papers used on the motion that Humfreville, prior to the time the motion was made, in consideration of services rendered by his attorney in the contempt proceeding, and services then and thereafter to be rendered on the appeal, had assigned to his attorney all the costs that might be awarded to him on the appeal. He had a legal right to do this. A party can assign to his attorney the prospective costs that may be awarded to him on an appeal in consideration of services thereafter to be rendered. This the court of appeals distinctly held in Perry v. Chester, 53 N. Y. 240. It cannot be said that a party has an absolute right to have

costs awarded in his favor set off against costs awarded against him during the progress of litigation. Applications of this character, when made, are addressed to the equitable discretion of the court (Alexander v. Durkee, 112 N. Y. 655, 19 N. E. 514), and must be determined in view of all the equities involved. Here it cannot be said that the appellants have any equities which are superior, or even equal, to those of the respondent or his attorney. Tunstall v. Winston, 31 Hun, 219; Winton v. Winton (Sup.) 13 N. Y. Supp. 759; Lachenmeyer v. Lachenmeyer, 65 How. Prac. 422; Zogbaum v. Parker, 55 N. Y. 120. The agreement was based upon a good consideration. The parties had a right to make it. The respondent could secure his attorney for services then and thereafter to be rendered in this way.

It follows that the order was properly made; and should be affirmed, with $10 costs and disbursements. All concur.