THOMAS BARRY, Respondent, *v.* THIRD AVENUE RAILROAD COMPANY, Appellant.

*Attorney's lien on a judgment recovered by his client — it is superior to the right of set-off, which the adverse party has, of another judgment in his favor against such client — costs awarded belong to the party, subject to his attorney's lien.*

The complaint in an action to recover damages for an alleged malicious prosecution resulted in a dismissal of the complaint and the entry in favor of the defendant of two judgments for costs aggregating about $245. Executions were issued upon such judgments and returned unsatisfied.

The plaintiff then brought an action against the defendant for false imprisonment, based upon the same facts and circumstances involved in the prior action. The trial of such action resulted in a verdict for $50 in favor of the plaintiff, upon which judgment was entered in the plaintiff's favor for the $50 and for $151.36 costs. The amount of such judgment was collected by the sheriff, and while it remained in his hands the defendant made an application to set off the two judgments obtained by it against the plaintiff against the judgment recovered by the plaintiff against it.

The plaintiff's attorneys opposed the application and submitted affidavits showing that they had received no compensation for their services in either of the actions, and that the services rendered by them in the action in which the recovery was had by the plaintiff were reasonably worth the sum of $250. It did not appear that they had any contract with the plaintiff concerning the amount of their compensation.

*Held,* that the costs awarded to the plaintiff in the action in which he obtained the recovery belonged to the plaintiff and not to his attorneys;

That the lien of the plaintiff's attorneys for the services rendered by them attached to the whole judgment and to the proceeds thereof in the hands of the sheriff and that such lien was superior to any equitable right of set-off which the defendant had.

VAN BRUNT, P. J., dissented.

APPEAL by the defendant, the Third Avenue Railroad Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of September, 1903, denying the defendant's motion to compel a set-off of mutual judgments, except that portion thereof which stays the New York county sheriff from paying over to the plaintiff a certain check.

*Arthur Ofner,* for the appellant.

*Macintosh Kellogg,* for the respondent.

INGRAHAM, J.:

The plaintiff commenced an action against the defendant, based upon an alleged malicious prosecution. On the 15th day of March, 1899, the action was tried and resulted in the dismissal of the complaint, and judgment thereon was entered in favor of the defendant for the sum of $109.42. The plaintiff appealed from this judgment, and it was affirmed; and for the costs of that appeal the defendant was awarded the sum of $135.85, for which judgment was entered. Subsequently the defendant issued executions to the sheriff to collect these two judgments, which executions were returned unsatisfied and the judgments remained wholly unpaid. After the determination of the appeal in the action before mentioned the plaintiff commenced an action to recover damages against the defendant for false imprisonment, based upon the same facts and circumstances as was the prior action in which he had been defeated. The trial of this action resulted in a verdict for the plaintiff for the sum of $50, whereupon judgment was entered in the plaintiff's favor for the sum of $201.36, made up of the verdict of $50 and $151.36 costs; whereupon the plaintiff issued execution for the collection of that judgment, which sum was collected by the sheriff, and when this application was made, remained in his hands. The defendant thereupon made this application at Special Term to set off the two judgments against the plaintiff recovered by it against the judgment recovered by the plaintiff against the defendant. Upon that application the plaintiff's attorneys appeared and claimed a lien on the judgment for their fees, which they claim to be worth the sum of $250, and which were unpaid, and that such lien was paramount to the defendant's right of set-off. The motion to set-off was denied, and from the order denying that motion the defendant appeals.

As between the plaintiff and the defendant there can be no question but that the defendant would be entitled to this relief. In answer to the defendant's application, however, the plaintiff's attorneys filed an affidavit stating that they had received no compensation for their services rendered in either of the actions brought by the plaintiff against the defendant; that the services rendered in the action in which the recovery was had by the plaintiff were reasonably worth the sum of $250, on account of which the plaintiff's attorneys had received nothing whatsoever; and they claimed that

they were entitled to costs awarded in favor of the plaintiff in the action in which the recovery was had, and that they were entitled to a lien upon the amount of the recovery for the sum due them for the services rendered by them to the plaintiff. It does not appear that the plaintiff's attorneys had any contract with the plaintiff as to the amount of their compensation; and the question is presented, *first*, as to whether costs awarded to a party in an action belong to the attorney as against his client or a creditor of his client; and, *second*, as to the extent of the lien of the attorney upon the cause of action, or the judgment in which that cause of action is merged, as between the attorney and one who is equitably entitled to the money realized from the enforcement of the judgment.

A number of cases are cited to show that the costs belong to the attorney, but it does not appear that this precise question has been authoritatively determined. The subject of the compensation of attorneys and counselors at law is regulated by section 66 of the Code of Civil Procedure. That section provides that the compensation of an attorney or counselor for his services is governed by agreement express or implied. An attorney and counselor at law is thus placed upon a footing with other persons who render services, and his compensation is regulated by an express agreement when one is made, or, in the absence of an express agreement, by an implied agreement which would entitle the attorney to recover the amount that the services rendered by him are reasonably worth. The costs which are awarded in favor of the client in the event of his successful prosecution of the action in which the attorney is engaged are not the measure of the compensation which the attorney is entitled to receive. (*Starin* v. *Mayor*, 106 N. Y. 82.) The costs in a civil action are regulated by title 2 of chapter 21 of the Code of Civil Procedure. Section 3251 of the Code provides that " costs awarded to a party to an action must be at the following rates." The costs are awarded to the plaintiff, to the defendant, or to the successful party, and not to the attorneys, and all through the Code where costs are spoken of they are the costs that are awarded to the party as indemnity to him for the expenses that he has incurred. There is nothing in the Code to which our attention is called to justify the conclusion that it was the intention, when awarding costs to the party, to treat such costs as between the

party and his attorney as belonging to the attorney. We are referred to several cases in which costs are spoken of as belonging to the attorney. In *Matter of Bailey* (31 Hun, 608) costs had been awarded to the defendant for the successful defense of the action, and a judgment was entered which consisted exclusively of costs. In an application of the receiver of the client to be paid such costs, Judge DANIELS, in delivering the opinion of the General Term, said: "Such a judgment consisting exclusively of costs is for all ordinary legal purposes the property of the attorney," and *Marshall* v. *Meech* (51 N. Y. 140) is cited. In *Delaney* v. *Miller* (84 Hun, 244) it was said by the General Term of the third department: "It is well settled that the costs recovered in an action belong to the attorney without any assignment, and that the claim of the attorney thereto is superior to the right of the adverse party in the action, to set off claims against the successful party." This is based on *Tunstall* v. *Winton* (31 Hun, 219), and *Marshall* v. *Meech* (*supra*) is again cited to sustain that proposition. *Bevins* v. *Albro* (86 Hun, 590) simply followed *Delaney* v. *Miller* (*supra*). Other cases are cited by the respondent, but they are Special Term cases and appear to follow the cases to which attention has been called. *Marshall* v. *Meech,* upon which these decisions seem to have been based, does not hold that the costs belong to the attorney. Commissioner EARL, who wrote the opinion, says: "It has long been settled that an attorney has a lien for his costs and compensation upon the judgment recovered by him. * * * To the amount of such lien the attorney is to be deemed an equitable assignee of the judgment. To the extent of the taxed costs entered in the judgment, the judgment itself is legal notice of the lien, and this lien cannot be discharged by payment to any one but the attorney. The judgment debtor pays these costs to the party at his peril. But if the attorney claims compensation beyond the taxed costs, under some agreement with his client, express or implied, his lien for such compensation can be protected against payment to the client only by notice to the judgment debtor. * * * No error was, therefore, committed in denying the motion, so far as relates to all the claim of the attorney beyond the taxed bill of costs. But I see no answer to the motion to the extent of the taxed costs. As to them, the attorney's lien and the legal notice to the defend-

ants were perfect. But my brethren differ with me as to the taxed costs. They hold, that when the judgment, as in this case, is for both costs and damages, it is not of itself notice of the lien of the attorney for the taxed costs, and that it furnishes such notice only in case it is recovered solely for costs." And the order, which denied a motion to set aside a satisfaction piece of the judgment and to allow the attorney to issue execution to recover his costs in the judgment, was affirmed. Certainly that case cannot be an authority for the proposition that the costs in an action where judgment is entered which includes the damages recovered and the costs awarded to the plaintiff belonged to the attorney. On the contrary, it seems to be a direct authority for the proposition that the costs belonged to the party and not to the attorney, and that where a judgment is entered which includes a recovery for damages and the costs awarded to the successful party, there is no implied notice that the amount awarded for costs is to be paid to the attorney, or that he, as against his client, has any interest therein ; and this, it seems is the necessary conclusion to be drawn from the provisions of section 66 of the Code which fix the compensation to which an attorney is entitled as the stipulated sum to be paid when an express contract exists, or the reasonable value of the services rendered when there is no express contract. If the attorney is thus limited to the amount due him by this contract, express or implied, between himself and his client, it is quite evident that the sum awarded to his client for costs belongs to the client and not to the attorney. Upon payment by the client to the attorney of the amount to which he was entitled as compensation for his services, it would not be claimed, I suppose, that the attorney was also entitled to the costs awarded to his client; and yet, if the costs belonged to the attorney, he would be entitled to them irrespective of any settlement between himself and his client.

Section 66 of the Code also provides how the amount due to an attorney for his services in an action is to be protected and recovered. It is there provided that "from the commencement of an action or special proceeding, * * * the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come." Here, where a judgment in the client's favor is

entered, the attorney has a lien upon that judgment and the proceeds thereof in whosoever hands they may come for the compensation due to him from his client. When by virtue of the express provision of this section that lien has attached to a judgment entered in favor of his client, the lien covers the amount due by the judgment, and there is no distinction between the portion of the judgment that provides for the recovery based upon the cause of action and the recovery based upon the award of costs. It is to the whole judgment that the lien attaches, and to enforce that lien the attorney has the right to apply by petition to the court, and necessarily the court has power to take such proceedings upon such a petition as will protect the attorney and enable him to realize the amount due to him from his client. The effect of this section of the Code was before the Court of Appeals in *Fischer-Hansen* v. *Bklyn. Heights R. R. Co.* (173 N. Y. 492) and *Peri* v. *N. Y. C. R. R. Co.* (152 id. 521); and in those cases it was distinctly held that the statute created a lien in favor of the attorney in his client's cause of action in whatever form it may assume in the course of the litigation, and enables him to follow the proceeds into the hands of third parties without regard to any settlement before or after judgment; that all the world must take notice of the lien, and that it is unnecessary for the attorney to give notice of his claim to the other party; and while there is nothing in this section that prevents a client from settling his cause of action, when the settlement is complete, either before or after judgment, the amount that is to be paid to the attorney under his contract with his client is subject to the attorney's lien, whether in the hands of the defendant or of a third party. In the *Fischer-Hansen* case it was said that the general rule is that "a lien upon property attaches to whatever the property is converted into, and is not destroyed by changing the nature of the subject. * * * It follows its subject and cannot be shaken off by a change of form or substance. It clings to any property or money into which the subject can be traced until it reaches the hands of a *bona fide* purchaser. So a lien upon a claim or a cause of action follows the fund created by a settlement of the claim, which thereupon ceases to exist." And it was held that a sum of money agreed to between the plaintiff and the defendant in the action as to the amount to be paid by the defendant in settle-

ment of the cause of action was subject to the attorney's lien, and that the attorney could recover the amount due him from his client out of the amount thus agreed to be paid in settlement of the action, notwithstanding the fact that the defendant in the action had paid to the plaintiff the amount agreed to be paid upon such settlement.

Applying the principle established in these cases to the case now under consideration, it is apparent that this lien of the plaintiff's attorney for the amount due him from his client for the services rendered in the action which resulted in a judgment in his favor, attached to the judgment and to the proceeds of the judgment in the hands of the sheriff, and was superior to any equities in favor of the defendant to have the money thus due applied to the payment of its other judgments against the plaintiff. No notice was necessary of the existence of this lien when the judgment was entered, and when the judgment was satisfied by the payment of its amount to the sheriff it attached to the amount paid in the hands of the sheriff, and to-day the amount in the hands of the sheriff is subject to the lien of the plaintiff's attorneys for the amount due to them from the plaintiff for services rendered in the action in which the judgment was obtained.

This being the result, the question then is, to whom this money should be paid. The plaintiff's attorneys submitted an affidavit that the services rendered by them to the plaintiff in obtaining that judgment were worth $250, an amount exceeding the amount paid to the sheriff in satisfaction of the judgment. That affidavit is not disputed and I can see no escape from the conclusion that to the extent of the amount actually due the plaintiff's attorneys the money in the hands of the sheriff is subject to their lien, and that they are entitled to be paid that amount before the defendant is entitled to have the money paid to it on account of the judgment which it holds against the plaintiff. The law having imposed this lien upon the money in the hands of the sheriff the court is not justified in discharging that lien or in any way impairing its validity.

It follows that the court below was correct in denying the defendant's motion, and the order appealed from must be affirmed, with ten dollars costs and disbursements.

PATTERSON, HATCH and LAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented.

Order affirmed, with ten dollars costs and disbursements.