(107 App. Div. 524.)

SMITH v. CAYUGA LAKE CEMENT CO.

(Supreme Court, Appellate Division, Third Department. September 26, 1905.)

ATTORNEY AND CLIENT—LIEN—PRIORITY—SET-OFF.

> Where a judgment for plaintiff is wholly for disbursements incurred and services rendered by his attorney in correcting an erroneous decision, and plaintiff is a nonresident and insolvent, the attorney's lien for costs and compensation is superior to the defendant's claim for a set-off on a judgment in his favor rendered by another court in the same action.
>
> [Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 388, 419.]

Appeal from Special Term, Broome County.

Action by Fannie Smith against the Cayuga Lake Cement Company. From an order denying a motion to set off judgments, defendant appeals. Affirmed.

The plaintiff obtained a judgment against the defendant in justice's court in Tompkins county for $16.60 and costs. An appeal was taken to the county court, where the judgment was reversed as contrary to and against the weight of evidence, with costs to the defendant, and a new trial was directed before a justice designated, but not the one before whom the action was first tried. The amount of the costs entered in such judgment was $41.55. An appeal was taken to this court from such judgment, but such appeal was thereafter dismissed, without costs, on motion of the defendant. 97 App. Div. 634, 89 N. Y. Supp. 1116. On the new trial plaintiff's complaint was dismissed, and judgment was entered against the plaintiff for $1.65 costs. An appeal was taken from such judgment to the county court, where the judgment was reversed, without costs. From that part of such judgment denying costs to the plaintiff she appealed to this court (93 N. Y. Supp. 959), and the judgment of the county court was by this court modified, by striking therefrom that part thereof disallowing costs, and in lieu thereof granting costs to the plaintiff, and, as so modified, the order was affirmed, with $10 costs and disbursements to the plaintiff. Judgment was thereafter entered against the defendant in favor of the plaintiff for $83.34. A motion was made by the defendant to set off the judgment of $41.55 pro tanto against said judgment of $83.34, which was denied, and from the order denying such motion this appeal is taken. In opposition to the motion the attorney for the plaintiff showed by his affidavit that he had paid or become personally liable to pay all of the disbursements contained in said judgment of $83.24, and that such judgment is wholly for disbursements, except $40 taxable costs contained therein. He further showed by his affidavit that since the action was first commenced in the justices court he had paid or become liable to pay disbursements therein to the amount of $105.42, and that his services as attorney were reasonably worth the sum of $90, and that all that he had received on account thereof is the sum of $5, paid by the plaintiff when the action was commenced; that he had requested plaintiff to pay such disbursements, but that she had failed to pay the same. The plaintiff is a nonresident of the state of New York, and wholly irresponsible.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Mynderse Van Cleef (E. H. Bostwick, of counsel), for appellant. Burt T. Baker, for respondent.

CHASE, J. The decisions of the courts are in some confusion on the subject of the set-off of judgments for costs, where such set-off will affect the lien of attorneys thereon, and general expressions are sometimes used therein which seem to be antagonistic. The lien of attorneys on judgments exclusively for costs, as against the rights and interests of the party therein, are generally recognized, and there may be said to be a growing tendency to enforce the attorney's lien at all times when the equities favor it. Although costs are awarded to the party (Code Civ. Proc. c. 21, tit. 1, art. 1), yet the Court of Appeals has said, in Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572:

"It has long been settled that an attorney has a lien for his costs and compensation upon the judgment recovered by him [citing authorities]. Such a lien existed before the Code, and is not affected by any provision of the Code. The lien exists, not only to the extent of the costs entered in the judgment, but for any sum which the client agreed his attorney should have as a compensation for his services. To the amount of such lien, the attorney is to be deemed an equitable assignee of the judgment. To the extent of the taxed costs entered in the judgment, the judgment itself is legal notice of the lien, and this lien cannot be discharged by payment to any one but the attorney. The judgment debtor pays these costs to the party at his peril."

The rule as stated in that case has not been modified. It is settled beyond controversy that the lien of an attorney for his services and disbursements in an action is superior to that of the parties' right of set-off, if the judgments were rendered in separate actions, although between the same parties. It is urged that a contrary rule prevails where the judgments are rendered in the same action. Just why the rule should be different when the judgments are in actions between the same parties, with the same attorneys in each action, than it is when the judgments are separate and independent, although rendered in the same action, is not clear. The equities as between the parties and the attorneys at the time of the entry of judgment, as in Garner v. Gladwin, 12 Wkly. Dig. 9, and Warden v. Frost 35 Hun, 141, may be entirely different than they are in this case, and set-off of certain costs is allowed by statute. See Code Civ. Proc. §§ 779, 3059.

In Barry v. Third Ave. R. Co., 87 App. Div. 543, 84 N. Y. Supp. 830, it appears that the plaintiff commenced an action against the defendant for malicious prosecution, which resulted in a dismissal of his complaint, and judgment was entered against him for costs. An appeal was taken therefrom, but the judgment was affirmed, and another judgment was entered against the plaintiff for costs. Thereafter the plaintiff commenced an action against the defendant for false imprisonment, based upon the same facts and circumstances as shown in the prior action in which he had been defeated; and in the new action he recovered a judgment for $50 damages and costs. A motion to set off said judgments was denied, and the order was affirmed on appeal.

In Gibbs v. Prindle, 11 App. Div. 470, 42 N. Y. Supp. 329, the plaintiff recovered a judgment against the defendant for $273.59. Subsequently an order in proceedings supplemental to execution

was served upon the defendant, and for her failure to appear as by the order directed she was adjudged guilty of contempt. An appeal was taken from such order, and it was reversed, and a judgment entered in favor of the defendant against the plaintiff for costs. A motion was made by the plaintiff to set off one judgment against the other, which was granted. On an appeal therefrom the order was reversed, and the court say:

"If the costs in question belonged to the attorneys, then the set-off was improper. The plaintiffs claim that the matter of set-off is within the discretion of the court, and that, as defendant is insolvent, their right to a set-off is superior to the claim of the attorneys. The circumstances of insolvency may affect the attorneys as well as the plaintiffs. The plaintiffs, as the court finally held, were in the wrong, and the attorneys with their money and services enabled the defendant to obtain redress."

In Tunstall v. Winton, 31 Hun., 219, the plaintiff obtained a judgment for damages and costs. An order was granted in the action denying the defendant's motion for a stay on account of the plaintiff's failure to pay the costs of another appeal, resulting in an order vacating an order of arrest. The order denying the stay was reversed in the Court of Appeals, and judgment was entered upon such reversal with costs against the plaintiff. An order was then made setting off the defendant's judgment against the plaintiff's judgment. On an appeal therefrom the order was reversed, and the court say:

"They were the costs of a successful appeal from an order, and, without any assignment to the defendant's attorney, legally belonged to him. Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572. * * * If, as it was held in Marshall v. Meech, actual payment to the client will not defeat the right of the attorney to the costs, it seems to follow that he cannot be deprived of the right by a set-off directed by an order made on motion."

In Matter of Havemeyer, 27 App. Div. 123, 50 N. Y. Supp. 126, a decree was entered in Surrogate's Court revoking letters testamentary, with costs, which one H. was personally directed to pay. The costs not being paid, an order was duly granted adjudging H. in contempt. From such order an appeal was taken to the Appellate Division, and from the order of affirmance in the Appellate Division to the Court of Appeals. The Court of Appeals reversed the orders of the Surrogate and of the Appellate Division, with costs to H. in all the courts. 154 N. Y. 115, 47 N. E. 1086. A motion was then made in Surrogate's Court to set off the costs awarded to H. against an equal amount of costs remaining unpaid upon the decree in the Surrogate's Court. The motion was denied, and on the appeal the order was affirmed, and the court say:

"It cannot be said that a party has an absolute right to have costs awarded in his favor set off against costs awarded against him during the progress of litigation. Applications of this character, when made, are addressed to the equitable discretion of the court (Alexander v. Durkee, 112 N. Y. 655, 19 N. E. 514), and must be determined in view of all the equities involved. Here it cannot be said that the appellants have any equities which are superior, or even equal, to those of the respondent or his attorney."

In Adams v. Niagara Cycle Fittings Co. (Sup.) 74 N. Y. Supp. 485, the court say:

"A judgment cannot be set off against the general costs awarded to the other party in the same action."

In this case the judgments, although in the same action, were rendered in different courts and upon independent appeals from judgments rendered before different justices of the peace. The judgment against the. defendant is wholly for disbursements incurred and services rendered by the attorney in an effort which, from the result, appears to have been justified and necessary to correct an erroneous decision. The court at Special Term has exercised its discretion against directing the set-off of such judgments. With such order we should not interfere.

The order should be affirmed, with $10 costs and disbursements. All concur.