witnesses. In addition to this waiver the plaintiffs moved to resettle the original order, which was done on their motion, and the same was entered by them. In view of these acts and stipulations of the plaintiffs, we think they are not now in position to urge, for the purpose of sustaining their order of denial, that the appellants' codefendant, not in default, was not made a party to the motion, or to invoke any other technical objection which might have been remedied had the defects been pointed out.

No affirmative relief is demanded against the defendant insurance companies, but it is alleged that they hold the moneys in their hands until the controversy between the respondents and appellants shall be determined. On the merits, as a motion to change the place of trial for the convenience of witnesses, we think the motion should have been granted. The defendants show a larger number of witnesses necessary and material to the matters in controversy, all residing in the county of Clinton. The condition imposed by the order, that the plaintiffs should admit the signatures to certain documents held by appellants, is not effective to destroy the necessity of witnesses, because a party should not be compelled, before trial, on a motion of this character, to disclose his evidence to his adversary.

While the sale of the policies took place in the state of Minnesota, the proceeds of which it is alleged the appellants wrongfully claim or hold in trust for the plaintiffs, yet the transactions out of which the issues between the plaintiffs and the contesting defendants arise took place in the county of Clinton. In that sense, therefore, the cause of action arose in that county, and such fact is always entitled to weight in determining the place of trial. If plaintiffs' claims are true, they can be established in that county in a much shorter time than to await the course of litigation in the county of New York.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to change the place of trial from New York to the county of Clinton, on the ground of convenience of witnesses, granted, without costs.

(112 App. Div. 840)

AGRICULTURAL INS. CO. v. SMITH et al.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. ATTORNEY AND CLIENT—ATTORNEY'S LIEN.

Code Civ. Proc. § 66, provides that from the commencement of an action or the service of an answer containing a counterclaim the attorney who appears for a party has a lien upon the cause of action, claim, or counterclaim, which attaches to a judgment in his client's favor. *Held* that, although an answer contained no counterclaim, a judgment for costs having been rendered in favor of defendant, the lien of his attorney attached thereto.

2. APPEAL—PARTIES ENTITLED TO APPEAL.

Where a motion for an order setting off costs awarded to defendant against a judgment in favor of plaintiff in another action was opposed by defendant, through his attorney, on an appeal by defendant, a contention that the objection that the order setting off costs was erroneous as against the attorney's lien could not be considered, because the defendant, and not the attorney, had appealed, was untenable.

Appeal from Special Term, New York County.

Action by the Agricultural Insurance Company against Leonardo D. V. Smith and others. From an order setting off costs, defendant Smith appeals. Reversed.

Argued before McLAUGHLIN, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

William L. Marshall, for appellant.

William W. Pellet and Roswell S. Nichols, for respondent.

CLARKE, J. The plaintiff recovered a judgment against the defendant Smith in the Supreme Court, Onondaga county, for $884.38, on December 7, 1900. On June 4, 1904, the plaintiff commenced this judgment creditors' action against Smith and others, alleging certain fraudulent acts on the part of Smith, and asking for a judgment that certain real property, of which the Hillsdale Realty Company was owner of record, be adjudged to be the property of. Smith, and that it be sold to pay the aforesaid judgment, and for costs against Smith. Smith interposed an answer by William L. Marshall, his attorney. At the time of retaining Marshall, Smith agreed to pay him a reasonable compensation for his services, which should equal the costs and such additional amount as should be reasonable, none of which has been paid. It is claimed that the reasonable value of the services rendered was $200. The complaint herein was dismissed, with costs to the defendant Smith against the plaintiff, and judgment was thereafter rendered for $108.28 therefor. Subsequently, upon motion, the Special Term made an order that the judgment obtained by the plaintiff against the defendant Smith in the county of Onondaga for $884.38 "shall be offset against the judgment obtained in this action"; that the judgment of Smith against the plaintiff, obtained on this action, "shall be, and the same hereby is, satisfied by said offset, and the clerk of this court is hereby directed to satisfy said judgment accordingly"; and the clerk of Onondaga county was directed to note upon his docket that the judgment there entered for plaintiff against the defendant is satisfied to the extent of $108.28. Upon the proceedings leading up to said order, the attorney for Smith interposed an affidavit setting up the facts so far as he was concerned, and opposed the motion upon the ground that he had an attorney's lien upon said judgment in his client's favor for costs; that that lien was superior to plaintiff's claim of offset and could not be defeated by such order.

It seems clear that the attorney had a lien which attached to said judgment. It is true that section 66 of the Code of Civil Procedure does say:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come."

It is also true that there was no counterclaim set up in the answer herein. But it has been held:

"An attorney has a lien for his costs and compensation upon the judgment recovered by him. Such a lien existed before the Code, and is not affected by any provision of the Code. * * * To the amount of such lien, the attorney is to be deemed an equitable assignee of the judgment. To the extent of the taxed costs entered in the judgment, the judgment itself is legal notice of the lien, and this lien cannot be discharged by payment to anyone but the attorney. The judgment debtor pays these costs to the party at his peril." Marshall v. Meech, 51 N. Y., at page 143, 10 Am. Rep. 572; Remington Paper Co. v. O'Dougherty, 36 Hun, at page 87; Bevins v. Albro, 86 Hun, 590, 33 N. Y. Supp. 1079.

In the latter case it was said:

"Distinction is sought to be made between an attorney for a plaintiff and an attorney for a defendant where no counterclaim is contained in the answer; and it is claimed, under section 66 of the Code, attorneys for a defendant only have liens for costs or are entitled thereto, when the answer contains a counterclaim. Section 66 of the Code was not intended as a limitation upon liens of attorneys for costs, but as an extension. It was intended as additional security to them. * * * Here a judgment had been obtained by the defendant for costs. The lien of the attorney attaches upon its rendition."

The Court of Appeals, before the Code had been amended by inserting the words "or special proceeding" in section 66 thereof, had said in a proceeding in the Surrogate's Court (Matter of Regan, 167 N. Y. 342, 60 N. E. 659):

"It must be regarded as settled law in this state that an attorney who has procured for his client a judgment or decree has a lien upon the same for his compensation; and this lien is not confined to mere taxable costs, but to such sum as he is entitled to receive under his retainer, or under an agreement, express or implied."

In Ennis v. Curry, 22 Hun, 587, the court said:

"What has been sometimes called the equity of a statute ought, it seems to us, to extend the provisions of this section of the Code to a recovery merely of costs upon the dismissal of a complaint, in which case the attorney not only has a lien under the well-settled rules of the court, but is not bound to give notice of his lien for the purpose of protecting his rights."

It seems to me that the attorney had a lien upon this judgment for costs, of which the plaintiff was bound to take notice. It appears in the case that written notice of such claim of lien was actually given.

In Barry v. Third Ave. R. Co., 87 App. Div. 543, 84 N. Y. Supp. 830, plaintiff commenced an action for malicious prosecution, which resulted in a dismissal, a judgment for costs of $109.42, and an affirmance on appeal, with a further judgment for defendant for $135.85. Executions were issued thereon and returned unsatisfied. Thereafter plaintiff commenced an action for false imprisonment upon the same facts, recovered a verdict for $50, and entered up judgment, including costs, for $201.36. Execution was issued and the sheriff collected the amount; but while still in his hands the defendant made a motion to offset the judgments. Upon that motion plaintiff's attorneys appeared and claimed a lien on the judgment for their fees, which were unpaid, and that such lien was paramount to defendant's right of offset. The motion to offset was denied. Mr. Justice Ingraham, in an opinion which exhaustively discussed the question of the relative rights of the attorney and the client to costs as such, holding them, in the absence of an agreement, to belong to the client, and saying, "As between the

plaintiff and the defendant, there can be no question but that the defendant would be entitled to this relief," nevertheless held that "it is apparent that this lien of the plaintiff's attorney for the amount due him from his client for the services rendered in the action which resulted in a judgment in his favor attached to the judgment and the proceeds of the judgment in the hands of the sheriff, and was superior to any equity in favor of the defendant to have the money thus due applied to the payment of his other judgment against the plaintiff," and affirmed the order. So that it follows that the attorney here had a lien upon the judgment paramount to the equities of the plaintiff, that the satisfaction of that judgment by the order of offset destroyed the lien, and that, if the court deemed it right in the Barry Case to direct the sheriff to pay the money collected on the judgment to the attorneys in satisfaction of their lien, so here the court ought not to have destroyed the power to enforce the lien by issuing an execution on the judgment by the satisfaction thereof.

The respondent makes the point that the matter is not before us, because the appeal is taken in the name of the defendant, and not in that of the attorney, and cites Pomeranz v. Marcus, 86 App. Div. 321, 83 N. Y. Supp. 711. An inspection of that case discloses the facts there considered to be as follows: After the action was at issue, the defendant, without the intervention of his attorney, made a settlement with the plaintiff and exchanged general releases and consents to a discontinuance. The defendant's attorney, alleging that the settlement was made without his knowledge or consent, and collusively, for the purpose of defrauding him of his costs, thereafter moved in Trial Term to restore the case to the calendar for trial, "for the purpose of protecting the rights of the defendant's attorney herein, and for the purpose of determining his right to the taxable costs of this action to date," which motion was denied. The Appellate Division in the Second Department held that, the notice of appeal having been in the name of the client and not of the attorney, it must dismiss the appeal, because the notice of an appeal in such a case taken by the attorney would have to be served upon his client, and upon such an appeal the client, instead of being appellant, would be a respondent. But there, it will be perceived, the attorney and his client were acting in hostility to each other. It was the act of the client in settling and discontinuing the case behind the attorney's back which was the very matter complained of. The client wanted the action discontinued, and wanted it to stay so, and the attorney was moving to set aside said order against the client's will; and it was quite proper in such a case to hold that after discontinuance a motion ostensibly made by the client, but really by the attorney and for his benefit, would not lie, as not being made by the real party in interest. No such condition exists in the case at bar. The attorney had obtained the judgment in his client's favor, and was still his attorney. As such attorney he opposed the motion for offset; the order to show cause on said motion having been directed to be served upon him as such attorney. There was no hostility between client and attorney. No proceedings had been taken adversely to him by his client, but a motion which the client resisted through his attorney had been granted

against him, and over his opposition, in favor of the plaintiff. It does not seem a sound proposition that the order made under such circumstances and binding upon the defendant, and which he had a right to oppose and did oppose, may not be appealed from by him.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for an offset denied, with $10 costs. All concur.