### KRETSCH v. DENOFRIO (two cases).

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. JUDGMENT (§ 883*)—SET-OFF AND COUNTERCLAIM—NATURE OF RIGHT.

The right to set off judgments rests in the discretion of the court, regulated by established rules, and is exercised by motion in the action only when the right to the desired set-off is clear, and if the matter be complicated the parties are usually remitted to their suit in equity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.*]

2. JUDGMENT (§ 883*)—SET-OFF AND COUNTERCLAIM—RIGHT TO RELIEF.

Where plaintiff's attorneys claim a lien upon the judgment for fees and disbursements, and their claim is supported by the plaintiff's statement, and it was claimed and uncontradicted before judgment in the present action that plaintiff assigned the verdict, together with the judgment to be entered upon it, to his wife, in consideration of moneys advanced for the expenses of a former action wherein judgment was rendered against plaintiff, a motion for a set-off of the judgment for plaintiff against the judgment against him in the former action, which had been assigned to defendant, should have been denied, and defendant remitted to a suit in equity, in which all parties claiming interest may be joined.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.*]

Appeal from Special Term, New York County.

Action by Martin Kretsch against Salvatore Denofrio. From an order granting defendant's motion to set off plaintiff's judgment against him in the action against a judgment entered against plaintiff in another action and assigned to defendant, and from an order denying a motion for a stay of the hearing of the motion to offset judgments, plaintiff appeals. Order setting off the judgments reversed, and motion denied, and appeal from the other order dismissed.

See, also, 127 App. Div. 941, 111 N. Y. Supp. 1116.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Maxwell C. Katz, for appellant.
Waldo G. Morse, for respondent.

SCOTT, J.   The plaintiff appeals from an order granting a motion to set off a judgment obtained by plaintiff in this action against one heretofore obtained against plaintiff in another action and assigned to the defendant herein before the recovery of judgment herein.

It appears that on December 10, 1902, one Pasquale Pati recovered a judgment against the appellant, Martin Kretsch, for $1,478.64.   This judgment was afterwards assigned to the defendant, Salvatore Denofrio.   In August, 1906, Denofrio, being advised that the judgment against Kretsch was one upon which a body execution could be issued, caused such an execution to be issued to the sheriff, by whom Kretsch was taken into custody.   In September, 1906, the body execution was vacated and set aside by the court because it was unauthorized by law. On November 15, 1906, Kretsch began this action to recover damages for his false imprisonment, and on November 30, 1906, was, upon his own petition, adjudicated a bankrupt.   Within a year after such adjudication, Kretsch applied to be discharged of his debts, and his application was referred to a referee in bankruptcy, who, at the time the order appealed from was made, had not reported.

Kretsch recovered a judgment in this action for $931.46.   The defendant seeks to set off this judgment against the judgment which he holds against Kretsch, and which was scheduled in the bankruptcy proceedings as one of Kretsch's liabilities.   A former motion to the same effect was denied because of a restraining order issued out of the bankruptcy court forbidding any proceedings to collect defendant's judgment against Kretsch.   That restraining order has now been vacated and offers no obstacle to the proposed set-off.   The position of the parties, therefore, when the motion was made, was: The defendant held a judgment against plaintiff, who had been adjudicated a bankrupt but had not been discharged from his debts, while plaintiff held a judgment for a smaller sum against defendant.   The plaintiff-appellant claims, in the first place, that his cause of action for false arrest was not an asset which passed to the trustee in bankruptcy.   So much may be assumed (Remington on Bankruptcy, 569); but that is not decisive of this application.   He also claims, and with reason, that his judgment, being after-acquired property, does not pass to the trustee in bankruptcy and cannot be applied in the bankruptcy proceedings to the satisfaction of his antecedent debts (Matter of Ghazal [D. C.] 169 Fed. 147, 22 Am. Bankr. Rep. 119).   He further claims that, if his petition for a discharge of his debts is allowed, such discharge will date back to the adjudication of bankruptcy, and that defendant's judgment against him will be annulled and canceled; whence he insists that the order appealed from, or any order based on the motion to set off, should have been withheld until the determination of his application to be discharged from his debts.

It is conceded that, if plaintiff is not discharged from his debts, the two judgments are proper subjects of set-off.   It is not necessary to decide at the present time whether or not the appellant's discharge, if he should obtain it, will prevent the set-off which defendant seeks, for there are other reasons why the set-off should not be granted through a summary order made in this action.   The right to set off

judgments is a matter of equitable jurisdiction and rests in the legal discretion of the court, constrained and regulated by certain established rules. It is true that the power is often exercised by motion in the action, in which one of the judgments has been recovered, but only when the right to the desired set-off is clear. If the matter be at all complicated, the parties are usually remitted to their action in equity, and especially when the rights of third parties may be affected.

In the present case, certain third parties do assert claims which, if established, may defeat the proposed set-off wholly or in part. The attorneys who acted for Kretsch in this action claim a lien upon the judgment herein for their fees and disbursements, and their claim is supported by appellant's statement as to his arrangement with them. The defendant, of course, is not now in a position to contradict any of the statements upon which this claim is founded. He offers certain testimony of plaintiff upon the trial in this action as to fees paid to the attorneys; but from the brief excerpt furnished it is not clear that the payments there testified to did not refer to services in the earlier action. If the attorneys have a valid lien, it is superior to the right to set off the present judgment against the former one, for such a set-off would destroy the judgment to which the lien attaches. Smith v. Cayuga Lake Cement Co., 107 App. Div. 524, 95 N. Y. Supp. 236; Agricultural Ins. Co. v. Smith, 112 App. Div. 840, 98 N. Y. Supp. 347; Webb v. Parker, 130 App. Div. 92, 114 N. Y. Supp. 489.

It is also claimed that after verdict, but before judgment in the present action, plaintiff assigned the verdict, together with the judgment to be entered upon it, to his wife in consideration of moneys which she had advanced to meet and pay the expenses of the former action. This claim was looked upon with disfavor below and practically ignored. It is very possible that upon investigation it will be found to be without merit, but as it stands now it is uncontradicted and must be treated as a serious claim. If it should turn out that the plaintiff did make such an assignment bona fide and for a sufficient consideration, it would prevent a set-off. Mackey v. Mackey, 43 Barb. 58; Perry v. Chester, 53 N. Y. 240. We are, therefore, of opinion that the motion for a set-off should have been denied, and the respondent remitted to his action in equity, in which all parties claiming interest may be joined. In such an action, upon proper terms, the enforcement of plaintiff's judgment against defendant can be stayed until the conflicting rights can be determined.

The plaintiff, most unnecessarily, made a separate motion to stay the hearing and determination of the motion above discussed until the plaintiff's application to be discharged from his debts had been passed upon, and has taken a separate appeal from the order denying the motion for a stay. This was all unnecessary because the question whether or not an order should be presently granted was one of the matters to be considered on the principal motion. To make a separate motion for a stay was merely to multiply applications.

The order setting off the judgments must, therefore, be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, and the appeal from the order denying the stay must be dismissed, with $10 costs and disbursements. All concur.