HARRY C. WESLEY, as Committee of S. EDWARD DODGE, an Incompetent Person, Plaintiff, *v.* JOHN H. WOOD, Defendant.

(County Court, Oneida County, July, 1911.)

Attorney and client — The relation with the client — Lien — Priority of lien — Priority over claims of third persons.

Set-off and counterclaim — Set-off of judgments and claims by motion or action — Discretion of court to allow set-off — Not permitted to destroy attorney's lien.

The lien of the defendant's attorney upon a judgment for costs in defendant's favor is superior to the right of the plaintiff to offset the judgment against a previous judgment in plaintiff's favor.

County Court, Oneida County, July, 1911. [Vol. 73.

ACTION in replevin.

McMahon & Larkin, for plaintiff.

D. Francis Searle, for defendant.

HAZARD, J. This action was in replevin, and upon trial by jury a verdict was rendered for the defendant, upon which judgment for costs has been entered against the plaintiff, amounting to eighty-two dollars and twenty-five cents.

This motion was made for leave to issue an execution upon that judgment or for such other relief as to the court might seem just. Plaintiff in opposition sets up the fact that he has a judgment against this defendant, obtained in another action, for about $500, and seeks to have that judgment set off *pro tanto* against the recovery of the defendant in this action.

The situation is not dissimilar to that which existed in the case of Hayes v. Carr, 44 Hun, 372; and it was there held that it would be inequitable to permit the judgment for costs to be collected, in view of a large outstanding indebtedness existing in favor of the other side.

Upon an examination of numerous cases I find that, since the decision in the Hayes v. Carr case, there has been a growing tendency on the part of the courts to protect the rights of attorneys to their lien upon recoveries obtained by them.

Many more recent cases hold that the lien of attorneys for services and disbursements is superior to the right to set off judgments. Kretsch v. Denofrio, 137 App. Div. 619; Smith v. Cayuga Lake Cement Co., 107 id. 524; Webb v. Parker, 130 id. 92; Agricultural Insurance Co. v. Smith, 112 id. 840.

In the case at bar plaintiff has brought an action and has failed in substantiating his cause of action. Defendant, however, was compelled to defend and to employ counsel for that purpose. The moving papers show that defendant is financially irresponsible; and, presumably, if his attorney is

to receive any compensation for successfully defending this action, it must be through receiving the taxable costs. While costs are theoretically awarded to the party, in actual practice it is generally understood that they belong to the attorney, as his compensation for obtaining the judgment. Marshall v. Meech, 51 N. Y. 140.

While the court has undoubtedly the right to adjust the equities between these parties, it seems to me that it would be inequitable to compel defendant's attorney to defend this action, which he has done successfully, and force him to look to an insolvent client for his pay. While it is true that the attorney did not have to accept the defense of this action, yet it is conceivable that he might have gone into it with the firm belief that he could succeed and could be compensated by receiving the costs which would follow a victory for the defendant.

Plaintiff is in funds, and issuing an execution against him would entail needless expense. An order may be prepared, providing for the payment by plaintiff, out of the funds in his hands, of the judgment herein, with ten dollars costs of motion.

Ordered accordingly. ·