**MALMAN v. UNITED STATES.**
**Docket 22431.**

United States Court of Appeals
Second Circuit.

Filed Feb. 25, 1953.

Decided May 29, 1953.

Leon Malman, pro se, plaintiff-appellant.

Myles J. Lane, New York City (Joseph N. Friedman, New York City, of counsel), for defendant-appellee.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

In our former opinion we said that, treating the United States as an "ordinary person," it had a right of set-off, based on its claims against plaintiff's

client (Trimore), and that that set-off was superior to plaintiff's claim as his client's assignee. On rehearing, plaintiff directs us to New York decisions which, he asserts, hold that the lawyer's statutory lien ranks ahead of such a right of set-off of an "ordinary person."[1] We shall assume, without discussion, (1) that such is the New York ruling and (2) that such a ruling, involving "substantive rights," will ordinarily be applied in suits in the federal courts.[2]

Here, however, the suit is not against an ordinary person but against the United States. Consequently, under the doctrine of sovereign immunity,[3] the suit cannot be maintained unless the United States has explicitly consented. The consent on which plaintiff here must rely is contained in the Tucker Act.[4] That Act, unlike the later Tort Claims Act,[5] does not provide that, in general, the United States is to be dealt with as if it were a "private person." Furthermore, the Supreme Court has construed the Tucker Act in a manner most ungenerous to "private persons."[6] The Tucker Act's consent is coupled with the government's right of set-off and counterclaim.[7] And this Court has already recognized "the general policy of the Set-Off Act [31 U.S.C.A. § 227] that claims against the United States are always to be subject to set-off."[8] We think that New York, by its lawyer-lien statute, could not enlarge the scope of the consent given by the Tucker Act. Accordingly we hold that plaintiff, suing as assignee of Trimore's claim—a claim on which Trimore could not have maintained a suit except with the government's consent—is subject to the government's set-off against Trimore.

Petition denied.

1. See Beecher v. Peter A. Vogt Mfg. Co., 227 N.Y. 468, 125 N.E. 831; Perry v. Chester, 53 N.Y. 240; Barry v. Third Avenue R. R. Co., 87 App.Div. 543, 84 N.Y.S. 830; Smith v. Cayuga Lake Cement Co., 107 App.Div. 524, 95 N.Y.S. 236; Agricultural Insurance Co. v. Smith, 112 App.Div. 840, 98 N.Y.S. 347; Kretsch v. Denofrio, 137 App.Div. 617, 122 N.Y.S. 242.

2. Woodbury v. Andrew Jergens Co., 2 Cir., 69 F.2d 49; In re Hoy's Claim, D.C. Mass., 93 F.Supp. 265, 266; Nolan v. Hemingway Bros. Interstate Trucking Co., D.C.S.D.N.Y., 88 F.Supp. 111.

3. The excesses of which we have heretofore deplored. Wallace v. United States, 2 Cir., 142 F.2d 240, 243; Hammond-Knowlton v. United States, 2 Cir., 121 F.2d 192, 204-205.

4. 24 Stat. 505 and amendments, 28 U.S. C.A. § 1346.

5. 28 U.S.C.A. §§ 1346(b), 2672, 2674.

6. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058; Munro v. United States, 303 U.S. 36, 58 S. Ct. 421, 82 L.Ed. 633; Reid v. United States, 211 U.S. 529, 538, 29 S.Ct. 171, 53 L.Ed. 313; Finn v. United States, 123 U.S. 227, 232, 8 S.Ct. 82, 31 L.Ed. 128; cf. Minnesota v. United States, 305 U.S. 382, 388-389, 59 S.Ct. 292, 83 L.Ed. 235; United States v. Shaw, 309 U.S. 495, 500-506, 60 S.Ct. 659, 84 L.Ed. 888; Eastern Transportation Co. v. United States, 272 U.S. 675, 686, 47 S.Ct. 289, 71 L.Ed. 472; United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598; Price v. United States and Osage Indians, 174 U.S. 373, 375-376, 19 S.Ct. 765, 43 L.Ed. 1011.

7. 31 U.S.C.A. §§ 2, 227, and 28 U.S.C.A. §§ 1503 and 1346(c).

8. Ozanic v. United States, 2 Cir., 188 F.2d 228, 231.