### EMPIRE ORDNANCE CORP. v. UNITED STATES.

#### No. 49462.

United States Court of Claims.

Dec. 2, 1952.

H. Frank Van Lill, Cleveland, Ohio, Bartley C. Crum, New York City, on the brief, for plaintiff.

Carl Eardley, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This case is before us on plaintiff's motion to dismiss Count I of defendant's counterclaim, or, in the alternative, to stay all proceedings on Count I until certain

corporations have been made parties to this action.

Plaintiff's petition alleges that the Appeal Board of the Office of Contract Settlement of the Department of the Army entered a determination, finding that the defendant was indebted to the plaintiff herein ·in the sum of $935,000, and that said sum had not been paid.

Defendant filed a counterclaim, in Count I of which it alleged that as a result of renegotiation of the contracts and subcontracts between the Roxboro Steel Company and the defendant for the year ending July 31, 1943, it had been determined that excess profits had been realized by said company in the amount of $52,454.15, after having given the company all applicable tax credits and adjustments, plus interest of said sum of $52,454.15 at 6 percent per annum from April 18, 1947; and that said company was indebted to the defendant in said amount. The same allegation was made with respect to the West Pittston Iron Works, Inc., except that it was alleged that said company was indebted to the defendant in the amount of $138,560.07, plus interest at the same rate and from the same date; and the same allegation was made with respect to the Wilkes-Barre Carriage Co. Inc., except that it was alleged that said company was indebted to the defendant in the amount of $724,794.04 plus interest at the same rate and from said date; and the same allegation was made with respect to the Wissahickon Tool Works, Inc., except that it was alleged that said company was indebted to the defendant in the amount of $247,667.63, plus interest at the same rate and from the same date.

It was then alleged that the said four companies were indebted to the defendant in the amount of $1,163,475.89, plus interest at 6 percent per annum from April 18, 1947; and it was further alleged that said "four companies and plaintiff were at all times herein involved, in fact and in law an entity, since plaintiff at all times dominated and controlled said four companies in every way and since said four companies were at all times merely agents and instrumentalities of plaintiff. By reason of the foregoing, plaintiff was and is liable for the indebtedness of said four companies to defendant."

Plaintiff in its reply denied the foregoing allegations of the counterclaim for want of information.

Neither in the answer to the counterclaim nor by demurrer or otherwise did the plaintiff rise the issue of a non-joinder of necessary parties. This issue was first raised when the hearings on the counterclaim commenced, but the Commissioner ruled that he had no authority to act upon such a motion, and he directed that evidence on the allegations of the counterclaim be produced, and it was produced by the defendant, but over the objection of the plaintiff.

Rule 21 of the United States Court of Claims, 28 U.S.C.A., reads in part as follows:

> "(a) *Necessary joinder.* Subject to and in the manner provided by Rule 19, persons having a joint interest adverse to the United States shall be made parties and be joined on the same side as plaintiffs."

This rule is substantially the same as Rule 19(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Of this rule Moore's Federal Practice, Vol. 3 (2d Ed.), page 2144, says:

> " * * * The phrase must be construed to mean those who were necessary or indispensable parties under the previous practice."

The rule as to necessary or indispensable parties was stated in Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 49, 30 S.Ct. 10, 14, 54 L.Ed. 80, as follows:

> "The relation of an indispensable party to the suit must be such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the rights of such absent party. * * * If the court can do justice to the parties before it without injuring absent persons, it will do so, and shape its relief in such a manner as to preserve the rights of the persons not before the court. * * *"

The defendant asks that the indebtedness to it of the four companies named in its counterclaim be offset against the demand of the plaintiff for the payment of the amount admittedly due plaintiff by the defendant.

The question is, will the rights of these four companies, which are not parties to this suit, be injuriously affected by doing so. The allegation that they are indebted to the United States in the amounts alleged is not denied, except for the want of information. These companies have not filed motions to intervene, as they had a right to do, and so we must take it as true, for the purposes of this motion, that they are indebted to the United States in the amounts alleged.

Then, the question is, will their rights be injuriously affected by setting off their admitted liabilities to the defendant against the defendant's liability to plaintiff.

We are unable to see how their rights would be injuriously affected. If the debts of these companies to the United States be offset against the defendant's debt to plaintiff, the debts of these companies to the United States would thereby be paid in part, and they would be no worse off thereafter than they were before. It, of course, would be different if there was a controversy over their liability to the defendant, but no such controversy is present.

The counterclaim alleges that the War Contracts Price Adjustment Board determined that these companies were indebted to the United States. That determination is final in the absence of the filing of a petition with the Tax Court of the United States for a review thereof. See section 701 of the Act of February 25, 1944, 58 Stat. 21, 82–83, 50 U.S.C.A.Appendix, § 1191(c)(1). No allegation has been made that petitions with the Tax Court were filed. As the record now stands, these companies are indebted to the United States, and all that the United States attempts to do which affects their interests is to offset their admitted liability to the defendant against a debt that defendant owes another company, which the counterclaim alleges is a part of the single entity composed of all five companies.

We are unable to see how the rights of these four companies will be injuriously affected by the offsetting of their debt to the United States against the debt of the United States to the plaintiff. If we are wrong in this, these companies can very easily protect their rights by filing motions to intervene.

Plaintiff's motion is overruled.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.