## MALMAN v. UNITED STATES.

### No. 138, Docket 22431.

United States Court of Appeals
Second Circuit.

Argued Jan. 6, 1953.

Decided Feb. 16, 1953.

Rehearing Denied May 29, 1953.

On defendant's motion for summary judgment, the district court dismissed the complaint. The admitted facts before the court were as follows:

On March 4, 1949, Trimore Clothes, Inc., a New York corporation, entered into a contract with the United States, acting through the New York Quartermaster Purchasing Agency of the Department of the Army, for the purchase by the United States of 4,000 officers' woolen overcoats to be manufactured by Trimore at a unit price of $9.25. The specifications called for phenol formaldehyde buttons; the contract contained a clause providing for liquidated damages payable to the United States for delay in performance. By a writing dated May 8, 1949, and filed with the Quartermaster's Office on June 9, 1949, Trimore assigned to Concord Factors Corporation any and all moneys due or which might accrue or become due under the contract of March 4, 1949. Trimore asserted that phenol formaldehyde buttons were unavailable on the market, that the Quartermaster had made a mistake in specifying them, and that the customary buttons were made from a casein material. Trimore, on June 9, 1949, wrote the Quartermaster, asking that it be allowed an extension of time and additional resulting costs, due to the delay occasioned by this mistake.

3. On this issue, the writer of this opinion has some doubts which a majority of the court does not share.

While this matter was pending, the United States deducted alleged liquidated damages from amounts due Trimore under the contract. Trimore asserted that this deduction was improper. On December 15, 1949, Trimore retained plaintiff, a New York lawyer, to prosecute its claim against the government for the amount so deducted. The letter of retainer provided that plaintiff was to receive for his services 35% of the amount recovered. On December 30, 1949, plaintiff wrote the Quartermaster's office in New York, enclosing his "notice of appearance," asking for relief for Trimore from the alleged liquidated damages, and requesting an opportunity to discuss the matter. Following conferences between plaintiff and representatives of the government, Trimore, on March 14, 1950, received a "modification of the contract" in which the government agreed to accept delayed deliveries.

The result of this "modification" was that on March 14, 1950, $4,078.14 was owing Trimore because of a consequent "recomputation" of the liquidated damages (subject to whatever other claims the government had against Trimore). On March 30, 1950, plaintiff sent to the appropriate army officers letters stating that he had a "lien for attorneys' services" on the $4,078.14. Plaintiff claimed his lien under Section 475 of the New York Judiciary Law.[1]

However, Trimore owed the government $13,242.17 for taxes which had become due "on varying dates between February 26, 1946, and June 18, 1949, when various assessment lists were received by the local Collector of Internal Revenue." A lien in this amount was filed in the Office of the Register of New York County on January 10, 1950. The Department of the Army, on May 16, 1950, sent checks for $4,078.14 to the Treasury Department, in payment of these taxes owed by Trimore. Plaintiff, having been informed that his claim would not be recognized, began this suit against the United States. The district court dismissed the complaint for lack of jurisdiction.

Leon Malman, New York City, plaintiff-appellant, pro se.

Myles J. Lane, U. S. Atty. for Southern District of New York, New York City (Joseph N. Friedman, New York City, of counsel), for United States.

Before SWAN, Chief Judge and CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

**1. Jurisdiction.**

In support of its position that the district court had no jurisdiction, defendant advances several arguments. We think that these arguments lack merit, because plaintiff, in effect, sues as Trimore's assignee by "operation of law,"[2] and because the court clearly has jurisdiction of a suit by Trimore under its contract with the United States.

We think the earlier total assignment by Trimore to Concord Factors raises no jurisdictional questions. In this connection, the government cites Sherwood v. United States, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. A majority of this court think that

---

1. This section reads as follows:
 "Attorney's lien in action, special or other proceeding
 "From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien."

2. The Anti-Assignment statute, 31 U.S.C.A. § 203, does not apply to such an assignment. Wardman v. Leopold, 66 App. D.C. 111, 85 F.2d 277, 106 A.L.R. 1487.

decision never had any application to a case like this.[3]

## 2. The merits.

 Trimore retained plaintiff on December 30, 1949, to prosecute its claim that the United States had erroneously determined that liquidated damages were deductible from the amount previously earned by Trimore under the contract. Accordingly, whatever right Trimore had to the $4,078.14, thus deducted, derived from what it had earned before plaintiff was retained or had rendered services to Trimore. However, also before that time, Trimore owed the United States $13,242.17 for taxes. Now suppose the same facts except that the United States were an ordinary person to whom Trimore owed the $13,242.17 on account of a non-tax obligation. Then, because of the right of set-off, the United States would owe Trimore nothing net under its contract until the $13,242.17 was paid; wherefore, there would be nothing to which plaintiff's lien could attach. Since the United States as creditor has at least as much right to a set-off as an ordinary person,[4] it follows that we must affirm on the merits the judgment dismissing the complaint.[5]

Affirmed.

3. The majority's view is that that decision dealt only with a person required to be made a party by the explicit terms of the state statute, N.Y.C.P.A. § 795, there in issue, and that it did not touch the question of suits by an assignee where, by settled authority, the assignor or others are not indispensable parties. F.R. C.P. rules 17(a), 19(b), 28 U.S.C.; United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L. Ed. 171; Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406; Fox v. McGrath, 2 Cir., 152 F.2d 616, certiorari denied 327 U.S. 806, 66 S.Ct. 966, 90 L.Ed. 1030; Empire Ordnance Corp. v. United States, Ct.Cl., 108 F.Supp. 622; 3 Moore's Federal Practice 1334–1351, 2177, 2178 (2d Ed. 1948), and 1951 Cum.Supp.

The writer of this opinion might have had some possible doubt about the inapplicability of Sherwood were it not for the enactment in 1944 (after the Sher-wood decision) of 41 U.S.C.A. § 114(b). See United States v. Dry Dock Savings Institution, 2 Cir., 149 F.2d 917, 919; Pack v. United States, 9 Cir., 176 F.2d 770, 772; Moreno v. United States, 1 Cir., 120 F.2d 128, 130; Wallace v. United States, 2 Cir., 142 F.2d 240; Waite v. United States, 57 Ct.Cl. 546; Central National Bank v. United States, 84 F.Supp. 654, 655, 114 Ct.Cl. 390.

4. United States v. Munsey Trust Company, 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022; Cherry Cotton Mills v. United States, 327 U.S. 536, 66 S.Ct. 729, 90 L. Ed. 835. See 28 U.S.C. §§ 1346(c) and 1503.

5. Our disposition of the case renders it unnecessary to decide whether, in the circumstances, were there no right of set-off, the lien for taxes would rank ahead of plaintiff's lien.