**I. Newton BROZAN and Aaron Holman, doing business as Brozan & Holman, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

United States District Court, S. D. New York.

Nov. 16, 1954.

Benjamin Arac, New York City, for plaintiffs.

J. Edward Lumbard, U. S. Atty., Southern District of New York, New York City, Harold R. Tyler, Jr., Asst. U. S. Atty., of counsel, for defendant.

CLANCY, District Judge.

This is an action brought by attorneys to impress and enforce a lien on Treasury funds. In September, 1943, the plaintiffs were retained to prosecute a claim in the Internal Revenue Bureau for refund of excess profits taxes for the years 1940 through the year 1944. They rendered services and on June 8, 1951 the Director of Internal Revenue in another district published an overassessment list showing that the client was entitled to considerable refunds. The refund was paid to the client then or shortly after. Subsequently plaintiffs claimed an inaccurate computation of the interest and with this claim the Director apparently agreed, so that on January 26, 1953 he issued two checks drawn to the client's order and mailed them to the plaintiffs, the complaint alleges, on February 16, 1953. The Director later determined that the client owed the Government withholding and Federal Unemployment Taxes for certain periods during 1952 and 1953 and applied the amount represented by the checks, which had not been collected, as an offset against this indebtedness. Payment of the checks was stopped so that when they were presented for payment on September 10, 1953, they were not honored. The lien the plaintiffs claim is about half the amount of the checks. The complaint says the Treasurer had notice of plaintiffs' lien but there is no allegation of when or how notice had been given. The Government moved to dismiss.

 Mailing the checks to the attorney did not constitute payment. Plaintiffs make no such claim. There never was an unqualified acceptance of the checks by the payee. Seemingly he never came into possession of them until after accomplishment of the setoff and the issuance of the stop payment order. The fact that the checks represent interest is not remarked. The interest was part of the taxpayer's claim.

The decision in Malman v. U. S., 2 Cir., 202 F.2d 483, is presented by the plaintiffs as authority requiring the denial of the motion. That case involved unpaid monies due on a contract with the attorney's client and the Court held that he was suing as equitable assignee of his client's contract claim and was properly before the Court. The plaintiff's client in this action was not a contractor. His claim was in the nature of one for money had and received. 28 U.S.C.A. § 1346; Moses v. MacFarian, 2 Burr. 1005; Roybark v. U. S., D.C., 104 F.Supp. 759; Bull v. U. S., 295 U. S. 247, 55 S.Ct. 695, 79 L.Ed. 1421. The Treasury is not a debtor nor was the client a creditor. The claim was at all times subject to the Treasury's statutory right to setoff. As Assignees plaintiffs stand in no better case than did their client who was always, until payment, subject to the Treasury's setoff. Whatever right they acquired was inchoate until the fund due was established by their clients acquittance of any obligation to the United States. Matter of Albrecht, 132 Misc. 713, 230 N.Y.S. 543; Wardman v. Leopold, 66 App.D.C. 111, 85 F.2d 277–281, 106 A.L.R. 1487. Plaintiffs believe their lien attached when the overassessment went on the Director's rolls. The only effect in law

of the overassessment was to reduce the Government's lien on their client's property for the taxes then in dispute. Its enrollment did not then state an account or create a debt. We find no authority that limits the right to setoff by the date of entry of assessment or overassessment. Such a notion seems to the Court a contradiction in terms since the exercise of setoff would in practise have meaning or value only then and thereafter. We hold that the complaint does not state a claim.

Motion granted.