**Frank T. KLEIGER and Conrad Rosenbaum, Plaintiffs,**

v.

**Denis J. McMAHON, as Director of Internal Revenue for the United States Government, and the United States of America, Defendants.**

United States District Court,
S. D. New York.

Nov. 16, 1954.

Alfred S. Julien, New York City, for plaintiffs.

J. Edward Lumbard, New York City, for defendants. J. Donald McNamara, Asst. U. S. Atty., New York city, of counsel.

WALSH, District Judge.

Plaintiffs, as certified public accountants, by this action have attempted to recover $1,258.07 from the government as assignees of a refund for overpayment of taxes allegedly due their client. The government's motion for summary judgment based upon its counterclaim against the assignor is granted.

Plaintiffs' claim that they were retained on a contingent fee basis to prosecute the claim for this refund and that the amount of their fee was to be fixed later. They also claim that the amount in question, which is the full amount recovered from the government, was assigned to them by a writing executed after recovery and before payment by the government.

■■ The latter assignment fails to conform with the requirements of the statute because it was not properly witnessed. The earlier alleged retainer which did not fix the amount or percentage of the fee could not sustain an assignment of the *entire* recovery. Whether it established an equitable lien enforceable against the government as well as against the assignor for some lesser amount would require the reconciliation of Nutt v. Knut, 200 U.S. 12, 20, 26 S.Ct. 216, 50 L.Ed. 348; Calhoun v. Massie, 253 U.S. 170, 175, 40 S.Ct. 474, 64 L.Ed. 843; Wardman v. Leopold, 66 App.D.C. 111, 85 F.2d 277, 281, 106 A.L.R. 1487; Malman v. U. S., 2 Cir., 202 F.2d 483, 484; Brooks v. Mandel-Witte Co., 2 Cir., 54 F.2d 992, 995, and need not now be considered.

■ Regardless of the effect of this alleged retainer, the government concededly has a setoff against the refund in question based upon other claims against plaintiffs' assignor. This setoff is superior to the rights of the plaintiffs as assignees or equitable lienors. Ozanic v. U. S., 2 Cir., 188 F.2d 228; Malman v. U. S., 2 Cir., 207 F.2d 897.

Claim dismissed.