**Edward MORGAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

June 2, 1955.

Ramey & McKelvey, New York City, for plaintiff and petitioners.

J. Edward Lumbard, U. S. Atty., for Southern Dist. of N. Y., New York City, Teresa M. Steele, Asst. U. S. Atty., Jackson Heights, of counsel, for defendant.

DAWSON, District Judge.

This is a motion for an order directing that attorneys' fees and disbursements in the sum of $226 be paid to Ramey & McKelvey, attorneys for plaintiff and the petitioners herein, pursuant to Sec. 475 of the Judiciary Law of the State of New York, McKinney's Consol.Laws, c. 30.

Petitioners represented the plaintiff in an action against the United States for personal injuries, which was finally settled for $1,000. Judgment was entered on April 30, 1954, in the sum of $1,026, D.C., 123 F.Supp. 794. The government refuses to pay any part of the judgment on the ground that it has a tax lien against the plaintiff which exceeds the amount of the judgment, and that the judgment against it is subject to the provisions of the Set-Off Act, 31 U.S.C.A. § 227. Petitioners contend that their attorneys' lien is superior to the right of the government to a set-off, and that the government should pay to them at least the amount of their attorneys' lien.

■ The New York Statute providing for the protection of charging liens of attorneys is not one which takes superiority to the Federal Set-Off Act, inasmuch as the government's consent to be sued as a sovereign, as embodied in the Tucker Act, 28 U.S.C. § 1346, is coupled with the government's right to a set-off under the Set-Off Act, 31 U.S.C.A. § 227; Malman v. United States, 2 Cir., 1953, 207 F.2d 897.

■ In the instant case, the money, which is the subject of the judgment, has at all times been in the possession of the government. The plaintiff is entitled to recover nothing on the judgment, for the government set-off destroyed any recovery. Therefore, there was nothing to which the attorneys' lien could attach. The situation might be different when a plaintiff, through attorneys' efforts, se-

cured a recovery from a third party and the government then sought to assert a tax lien against such fund as superior to the lien of the attorneys. In that case, the amount recovered from the third party was already subject to the attorneys' lien at the time the fund came into existence, and not until the fund came into existence did the tax lien have a fund upon which to attach. See Herlihy v. Phoenix Assur. Co., 3rd Dept.1948, 274 App.Div. 342, 83 N.Y.S.2d 707.

Motion denied. So ordered.