**UNITED STATES of America,
Appellant,**

v.

**Meyer Harris COHEN, a/k/a Mickey
Cohen, Appellee.**

**No. 23941.**

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1967.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Albert J. Beveridge, Attys., Dept. of Justice, Washington, D. C., for appellant.

J. Victor Barr, Jr., Nashville, Tenn., Charles O. Baird, Jr., Atlanta, Ga., for appellee.

Before BROWN, Chief Judge, SIMPSON, Circuit Judge, and SUTTLE, District Judge.

SUTTLE, District Judge.

In February of 1964 Cohen, who had been imprisoned for income tax evasion,[1] filed a complaint in the Northern District of Georgia against the United States under the provisions of the Federal Tort Claims Act,[2] alleging that the United States had negligently failed to prevent an assault on him by a fellow inmate of the federal prison in Atlanta. The District Court found the government liable in the amount of $110,000, and awarded Cohen's attorneys fees of $15,000, under authority of 28 U.S.C.A. § 2678,[3] noting "that the case was aggressively prepared and presented."[4] In the judgment of date March 29, 1966, the court characterized the fees as "a first priority lien upon said judgment," and ordered the $15,000 paid directly to the attorneys, "free and clear of any and all claims which the Internal Revenue Service, the Treasury Department or the United States of America * * * might have or assert against the plaintiff in this case, * * *."[5]

After its motion to amend the judgment was overruled, the United States appealed, contending here that it has a right to set-off the full amount of recovery, $110,000, against prior tax assessments, reduced to judgments against Cohen in April of 1965,[6] of $393,469.65. The issue here is thus whether the District Court's power to award attorneys' fees under Section 2678 of the Federal Tort Claims Act includes the power to allow recovery of such fees superior to the government's right to set-off.

■■ Congress has, from the earliest days of our government, charged the Treasury Department, and since 1921 the General Accounting Office, with the duty of administratively settling the government's accounts.[7] Under the most recent statute, it is the duty of the Comptroller General to withhold payment of a judgment creditor as an offset against the indebtedness of that creditor to the United States.[8] He does so not only by statutory authority, but also in "exercise of the common right, which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him."[9] Like other cred-

---

1. See Cohen v. United States, 297 F.2d 760 (9th Cir. 1962).

2. 28 U.S.C.A. §§ 1346(b), 2671–2680 (1965).

3. 28 U.S.C.A. § 2678 provides in part:
   "The court rendering a judgment for the plaintiff pursuant to section 1346 (b) of this title * * * may, as a part of such judgment, * * * determine and allow reasonable attorney fees, which, if the recovery is $500 or more, shall not exceed * * * 20 per centum of the amount recovered under section 1346(b) of this title, to be paid out of but not in addition to the amount of judgment * * * recovered, to the attorneys representing the claimant. * * *"
   The remainder of this section provides that any attorney who receives more than the fees allowed above shall be guilty of a misdemeanor.

4. Cohen v. United States, 252 F.Supp. 679, 689 (N.D.Ga.1966).

5. Record, pp. 5–6.

6. Civil Action No. 62–1649 (Y) S–E–K and 63–915 (Y) S–E–K, S.D.Calif., April 6, 1965.

7. Act of Sept. 2, 1789, ch. 12, § 2, 1 Stat. 65; Act of March 3, 1817, ch. 45, § 2, 3 Stat. 366; Rev.Stat. § 236, as amended, Budget and Accounting Act, 42 Stat. 20 (1921), 31 U.S.C. § 71 (1964).

8. Act of March 3, 1875, ch. 149, 18 Stat. 481, as amended, Act of March 3, 1933, ch. 212, § 13, 47 Stat. 1516, 31 U.S.C. § 227 (1964), provides in part:
   "When any final judgment recovered against the United States duly allowed by legal authority shall be presented to the Comptroller General of the United States for payment, and the plaintiff therein shall be indebted to the United States in any manner, whether as principal or surety, it shall be the duty of the Comptroller General of the United States to withhold payment of an amount of such judgment equal to the debt thus due to the United States * * *."

9. Gratiot v. United States, 40 U.S. (15 Pet.) 336, 370, 10 L.Ed. 759, 771 (1841); see United States v. Jones, 119 U.S. 477, 7 S.Ct. 283, 30 L.Ed. 440 (1886); McKnight v. United States, 98 U.S. 179, 25 L.Ed. 115 (1878).

itors, the United States may assert this right to set-off against parties who are claiming rights derivatively from other parties against whom set-off would unquestionably be proper.[10]

Appellee contends, however, that a District Court's award of attorneys' fees under the Federal Tort Claims Act is not by way of a derivative right, but a direct award within the discretion of the court under section 2678 of that Act. This was the view taken by the court below, as it made the award directly to the attorneys, "as is done in the case of recovery by a minor," holding that the Federal Set-Off Act[11] would apply "only if the government has a claim against any attorney receiving the award."[12]

■ Section 2678 does give the District Court discretion when, and in what amount to award the recovery of attorneys' fees. It furthermore allows these fees to be paid directly to the attorney. It does not, however, create any rights in the attorneys, nor does this discretion include the power to award such fees, in effect, as a separate judgment against the United States, in favor of the attorneys, superior to and free of any claims the government might have against the primary judgment creditor.

■ Of the many Federal Tort Bills introduced, in almost every session from the 68th to the 79th Congress, all but four contained a provision regarding attorneys' fees similar, except as to the upper limits of such fees, to section 2678.[13] The legislative history surrounding these provisions reflects only a congressional concern about attorneys' collecting enormous fees at the expense of their clients.[14] We find nothing in either the wording of section 2678, or the legislative history of that section and its predecessors to suggest that Congress intended to establish rights in favor of attorneys, in particular a lien or priority superior to the government's right to set-off. Section 2678 was intended to be a limitation upon how much an attorney could receive as a fee in Federal Tort cases, enforced by making it a crime to receive more than the prescribed amount.

10. United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947), reversing 67 F.Supp. 976, 107 Ct.Cl. 131 (1946).

11. Quoted in part in note 8, supra.

12. Record, p. 16.

13. Of the following Tort Claim Bills introduced into Congress, the four without such a provision are in brackets: [H.R. 12178, 68th Cong., 2d Sess. (1925); H.R. 12179, 68th Cong., 2d Sess. (1925);] S. 1912, 69th Cong., 1st Sess. (1925); H.R. 6716, 69th Cong., 1st Sess. (1926); [H.R. 8914, 69th Cong., 1st Sess. (1926);] H.R. 9285, 70th Cong., 2d Sess. (1929); S. 4377, 71st Cong., 2d Sess. (1930); H.R. 15428, 71st Cong., 3d Sess. (1930); H.R. 16429, 71st Cong., 3d Sess. (1931); H.R. 17168, 71st Cong., 3d Sess. (1931); S. 211, 72d Cong., 1st Sess. (1931); S. 4567, 72d Cong., 1st Sess. (1932); H.R. 5065, 72d Cong., 1st Sess. (1931); S. 1833, 73d Cong., 1st Sess. (1933); H.R. 129, 73d Cong., 1st Sess. (1933); [H.R. 8561, 73d Cong., 2d Sess. (1934);] S. 1043, 74th Cong., 1st Sess. (1935); H.R. 2028, 74th Cong., 1st Sess. (1935); S. 2690, 76th Cong., 1st Sess. (1939); H.R. 7236, 76th Cong., 1st Sess. (1939); S. 1743, 77th Cong., 1st Sess. (1941); S. 2207, 77th Cong., 2d Sess. (1942); S. 2221, 77th Cong., 2d Sess. (1942); H.R. 5185, 77th Cong., 1st Sess. (1941); H. R. 5299, 77th Cong., 1st Sess. (1941); H.R. 5373, 77th Cong., 1st Sess. (1941); H.R. 6463, 77th Cong., 2d Sess. (1942); S. 2177, 79th Cong., 2d Sess., 60 Stat. 812 (1946).

14. See, e.g., Hearings on H.R. 7236 Before Subcommittee No. 1 of the House Committee on the Judiciary, 76th Cong., 3d Sess., p. 22 (1940); Hearings on H. R. 5065 Before a Subcommittee of The House Committee on Claims, 72d Cong., 1st Sess., pp. 20, 34–35 (1932); 67 Cong. Rec. 11107 (1926) (colloquy between Representatives Ramseyer and Underhill).

691

■ This construction of section 2678 leaves Cohen's attorneys' right to recover the fee, awarded by the court below out of the tort recovery, derivative of Cohen's right in the recovery, and hence necessarily subject to the government's right to set-off against Cohen. This interpretation of the attorneys' right to recover their fees is consistent with prior holdings of this and other courts that an award of attorneys' fees in connection with a judgment against the United States, pursuant to the government's consent to be sued, is derivative only and subject to the government's right to set-off prior debts of the judgment creditor.[15] Congress has heretofore treated attorneys' fees as derivative and hence subordinate to the United States' right to set-off,[16] and has freed these derivative rights of the government's superior claim only by express legislative provisions.[17] While valid claims under the Federal Tort Claims Act should be brought to trial, we cannot allow the type of recovery contemplated by the court below without some indication from Congress that its waiver of sovereign immunity includes subordination of the United States' superior right to set-off a prior debt of the claimant against rights derived from his. Appellee has shown us no such indication.

The order of the District Court denying the Government's motion to alter or amend the judgment is reversed, and the case remanded, with instructions to amend the judgment in conformity herewith.

Reversed and remanded.

---

15. United States v. Transocean Air Lines, Inc., 386 F.2d 79 (5th Cir. 1967); Malman v. United States, 207 F.2d 897 (2d Cir. 1953); Maspeth Tele. & Radio Corp. v. United States, Civil No. 14251, E.D. N.Y., Dec. 19, 1958; Morgan v. United States, 131 F.Supp. 783 (S.D.N.Y.1955); Brozan v. United States, 128 F.Supp. 895 (S.D.N.Y.1954); cf., United States v. Munsey Trust Co., supra n. 10.

---

16. See, e.g., Federal Tax Lien Act of 1966, P.L. 89–719, 80 Stat. 1125, 26 U.S. C.A. § 6323 (1967).

17. See, e.g., Anti-Assignment Act, Rev. Stat. § 3477 (1875), as amended, 31 U.S.C. § 203 (1964).