**Donald L. HOOKER, et al., Plaintiffs,**

v.

**Dean S. HOOVER, et al., Defendants.**

Civ. Nos. 3:94–CV–0190–H, 3:94–CV–0520–H, 3:94–CV–0521–H, 3:94–CV–0577–H.

United States District Court,
N.D. Texas,
Dallas Division.

April 7, 1995.

John Holman Barr, Susan Cahoun, Burt Barr & Associates, Martha Josephine Hardwick, Bauer Rentzel Millard & Hardwick, Dallas, TX, Robert McCoy, Shannon Gracey Ratliff & Miller, Fort Worth, TX, Henry Grady Chandler, David William Townend, Brown Brown Chandler & Townend, Garland, TX, Clifford L. Harrison, Stone Hamrick Harrison & Turk, Radford, VA, for Donald L. Hooker.

Donald L. Hooker, Roanoke, VA, pro se.

John Holman Barr, Susan Cahoun, Burt Barr & Associates, Martha Josephine Hardwick, Bauer Rentzel Millard & Hardwick,

Dallas, TX, Henry Grady Chandler, David William Townend, Brown Brown Chandler & Townend, Garland, TX, Clifford L. Harrison, for Lequita Ann Holmes, Anita Hooker McCrorey, and David Weldon Burton.

Lequita Ann Holmes, Irving, TX, pro se.

David Weldon Burton, pro se, Freeport, TX.

Dean Steven Hoover, Hoover Legal Associates, Dallas, TX, for Dean S. Hoover and Hoover & Associates.

William H. Keller, II, pro se, Clark West Keller Butler & Ellis, Dallas, TX.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

Before the Court are Defendants' Motion to Dismiss Presenting Rule 12 Defenses and Objections and Brief in Support ("Motion to Dismiss"), filed April 8, 1994; Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Response"), filed April 22, 1994; and Defendants' Reply ("Reply"), filed June 29, 1994. Also before the Court is Defendants' Brief on Plaintiffs' Claim of an Implied Private Right of Action Under 28 U.S.C. § 2678 Filed Pursuant to Court Order ("Defendants' Brief"), filed March 15, 1995; Plaintiffs' Response with Supporting Brief to Defendants' Motion to Dismiss ("Plaintiffs' Brief"), filed March 15, 1995; and Defendants' Reply Brief, filed March 20, 1995.

## I. Background

This case involves a fee dispute between Plaintiffs and their former lawyer, Dean Hoover, who represented Plaintiffs in litigation ("the underlying litigation") resulting from a fire that killed several of their relatives. Plaintiffs now assert that Hoover misrepresented the size of the settlement he negotiated for Plaintiffs; they additionally assert that Hoover's contingent fee was illegal because it exceeded the fee cap of the Federal Tort Claims Act ("FTCA").

Plaintiffs filed their federal Complaint January 31, 1994, alleging jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.* Specifically, Plain-tiffs contend that Hoover's fee violated 28 U.S.C. § 2678, the FTCA's fee cap provision. *See* Complaint at 6–7; 28 U.S.C. § 2678. In addition, Plaintiffs seek a declaratory judgment that the legal services contract between Plaintiffs and Hoover is void for illegality because its fee provisions violate the FTCA fee cap. Complaint at 8–10. Plaintiffs contend that these two claims provide the Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331. In addition to their claims under the FTCA's fee cap provision, Plaintiffs set forth the following state claims: (1) breach of the fee agreement; (2) breach of fiduciary duty; (3) conversion; and (4) fraud and constructive fraud. Plaintiffs seek both punitive damages and an accounting of expenses.

Defendants' Answer and Counterclaim alleges nine affirmative defenses and incorporates the claims Defendant brought against Plaintiffs in the state court suits that were consolidated with the federal lawsuit. Against each Plaintiff, Defendants claim breach of the legal services agreement for failure to pay fees, breach of another agreement that obligated Plaintiffs to pay certain expenses that had been advanced by Defendants, and fraud based on the allegation that Plaintiffs feigned agreement with the settlement in the underlying litigation while at the same time planning this lawsuit. Against Donald Hooker, LeQuita Hooker Holmes, and Anita Hooker McCrorey, Defendants additionally assert a claim for tortious interference with Defendants' business relations with Defendants' other clients and a defamation claim. Against LeQuita Hooker Holmes and Anita Hooker McCrorey, Defendants also claim breach of agreements ratifying the settlement and fee agreement in the underlying litigation.

## II. Analysis

Defendants' Motion to Dismiss attacks each claim in Plaintiffs' Complaint. The Court addresses only the jurisdictional point, which is dispositive.

Plaintiffs' Complaint describes their suit as "an action arising under the Federal Tort Claims Act" and thus within this Court's

federal question jurisdiction. Complaint ¶ 1. Because their cause of action is premised on the FTCA's fee cap provision, 28 U.S.C. § 2678, Plaintiffs assert that "[a] private right of action is available for plaintiffs in that plaintiffs are one of a class for whose special benefit the statute was enacted. The private right of action is consistent with the legislative intent of the statute and consistent with the underlying purposes." Complaint ¶ 30. Defendant contends that 28 U.S.C. § 2678 is purely a criminal statute and does not create a private right of action for a client who wishes to sue his attorney. Motion to Dismiss at 11.

As an initial matter, the Court notes that § 2678 provides no direct right of action for a civil plaintiff. Federal courts have, however, frequently interpreted § 2678 in the civil context, typically by adjudicating claims of excessive contingent fees in cases over which they already had jurisdiction. *See, e.g., Wyatt v. United States,* 783 F.2d 45, 46 (6th Cir.1986); *Pollard v. United States,* 69 F.R.D. 646, 648 (M.D.Ala.1976). Neither the Court nor the parties has located any case in which § 2678 was the jurisdictional basis for a client's suit against his attorney. *See* Defendants' Brief at 3; Plaintiffs' Brief at 1.

Accordingly, the Court turns to Plaintiffs' contention that § 2678 creates an implied private right of action. As the Supreme Court has pointed out, "the fact that a federal statute has been violated and some person harmed does not automatically give right to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979) (*quoting Cannon v. University of Chicago,* 441 U.S. 677, 688, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979)). The starting point for this Court's inquiry, then, must be the Supreme Court's decision in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). In *Cort,* the Supreme Court indicated that four factors should be considered in determining whether a private right of action should be implied: (1) whether the plaintiff is "one of the class for whose *especial* benefit the statute was enacted"; (2) whether there is any indication of legislative intent, explicit or implicit, either to create or deny a reme-

dy; (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff; and (4) whether the cause of action is traditionally relegated to state law in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law. *Cort,* 422 U.S. at 78, 95 S.Ct. at 2087–88. More recent Supreme Court cases have clarified the analysis, indicating that the central issue is whether Congress intended to create a private right of action. *See Redington,* 442 U.S. at 568, 99 S.Ct. at 2485 ("[O]ur task is limited solely to determining whether Congress intended to create the private right of action asserted. . . .").

The Court's analysis begins with the statutory language itself. *See id.; Landry v. All Am. Assurance Co.,* 688 F.2d 381, 389 (5th Cir.1982). Section 2678 provides that:

No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title.

Any attorney who charges, demands, receives, or collects for services rendered in connection with such claim any amount in excess of that allowed under this section, if recovery be had, shall be fined not more than $2,000 or imprisoned for not more than one year, or both.

28 U.S.C. § 2678. On its face, the statute does not appear to satisfy the first factor of the *Cort* test. The statutory language does not suggest a private right of action; to the contrary, it suggests that the proper remedy for a violation of § 2678 is criminal rather than civil. Congress's decision to provide a criminal penalty does not necessarily preclude this Court from implying a private right of action. *See Cort,* 422 U.S. at 79, 95 S.Ct. at 2088 (*citing Wyandotte Transp. Co. v. United States,* 389 U.S. 191, 201–02, 88 S.Ct. 379, 385–86, 19 L.Ed.2d 407 (1967)). Inclusion of an express remedy may, however, indicate that no other remedy was intend-

ed. *Cf. Landry,* 688 F.2d at 390 & n. 38 ("[F]or the courts to impliedly expand the scope of this express remedy may well represent judicial legislation in the face of clear congressional intent." (*quoting* Steinberg, *Implied Rights of Action Under Federal Law,* 55 Notre Dame L.Rev. 33, 47–48 (1979))).

The Court's inquiry does not end with the statutory language, however. The Supreme Court has held that a private right of action can be implied even absent direct evidence of Congress's intent. *See Thompson v. Thompson,* 484 U.S. 174, 179, 108 S.Ct. 513, 516, 98 L.Ed.2d 512 (1988) ("The implied cause of action doctrine would be a virtual dead letter were it limited to correcting drafting errors when Congress simply forgot to codify its evident intention to provide a cause of action."). Accordingly, Congressional intent may be inferred from the language or structure of the statute, or from the circumstances of its enactment. *Id.* In looking to these sources, however, the Court is mindful of what has been described as the Supreme Court's continued "retreat from the creation of implied causes of action." *Landry,* 688 F.2d 381, 388 (5th Cir.1982).

As discussed above, the language of the statute provides no indication that Congress intended to create a private right of action. Upon consideration, the Court finds the statutory structure similarly unavailing. The FTCA's primary purpose is to establish a scheme of governmental tort liability. *See* 28 U.S.C. § 2674 (setting forth when the United States shall be liable for tort claims). Although several sections of the FTCA make reference to civil litigation, they do so in the context of specifying procedures to be followed in suits against the government. *See, e.g.,* 28 U.S.C. § 2672 (allowing federal agencies to settle civil claims brought pursuant to the FTCA); 28 U.S.C. § 2675 (requiring administrative denial of an FTCA claim as a prerequisite to filing suit). The statute's structure in no way suggests the creation of a private right of action against anyone other than the government.

Legislative history, to the extent it is available, also does not indicate that Congress intended for § 2678 to create a private right

of action against an attorney. The most recent amendments to the statute, made in 1966, increased the attorneys' fees allowable under § 2678 "[t]o assure competent representation and reasonable compensation in [FTCA] matters." S.Rep. No. 1327, 89th Cong., 2d Sess. (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515, 2520. The Senate Report indicates that Congress's primary concern in amending the statute was to more efficiently resolve FTCA claims. *See id., reprinted in* 1966 U.S.C.C.A.N. 2515, 2516 ("The proposals . . . are intended to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States."). The increase in allowable fees was based on Congress's belief that cases could be resolved more expeditiously if the claimant were represented by counsel. *See id., reprinted in* 1966 U.S.C.C.A.N. 2515, 2520.

Returning to the *Cort* factors, the Court concludes that no private right of action exists. The existence of a fee cap does, of course, indicate that Congress wanted to protect tort claimants; in that sense it is clear that Plaintiffs are among the class for whose benefit § 2678 was enacted. *See United States v. Cohen,* 389 F.2d 689, 691 n. 14 (5th Cir.1967). Neither the statute nor its legislative history, however, provides any indication that Congress intended for § 2678 to create a private right of action. Implying a private right of action against the claimant's attorney, moreover, would only encourage ancillary litigation regarding fees; this result would certainly not be consistent with the goal of efficiency that pervades both the structure of the FTCA and its legislative history. Finally, the Court notes that disputes over attorneys fees traditionally are relegated to state law and that the absence of a federal forum should in no way prevent Plaintiffs from pursuing their claims against their former attorney.

### III. Conclusion

For the reasons set forth above, the Court concludes that 28 U.S.C. § 2678 does not create a private right of action. Accordingly, Plaintiffs' claims pursuant to 28 U.S.C.

**578**

§ 2678 must be, and hereby are, **DISMISSED** for want of subject matter jurisdiction. The federal claims in Civil No. 3:94–CV–0190–H having been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims and Defendants' state law counterclaims. *See* 28 U.S.C. § 1367(c)(3); *see also* Tex.Civ.Prac. & Rem.Code § 16.064 (Vernon 1986).

The cases consolidated with Civil No. 3:94–CV–0190–H were removed as compulsory counterclaims pursuant to 28 U.S.C. § 1441. *See* Notice of Removal in *Dean S. Hoover and Hoover & Associates v. Anita Hooker McCrorey,* Civil No. 3:94–CV–0520–H, at 2; Notice of Removal in *Dean S. Hoover and Hoover & Associates v. David Weldon Burton and David Weldon Burton, Next Friend of Allen Dale Burton,* Civil No. 3:94–CV–0521–H, at 2; Notice of Removal in *Dean S. Hoover and Hoover & Associates v. LeQuita Hooker Holmes and Donald Hooker,* Civil No. 3:94–CV–0577–H, at 2.

Plaintiffs' federal claims having been dismissed, and the Court having declined to exercise supplemental jurisdiction over Plaintiffs' state claims, the removed cases are hereby remanded as follows: *Dean S. Hoover and Hoover & Associates v. Anita Hooker McCrorey,* Civil No. 3:94–CV–0520–H, is **REMANDED** to the District Court for the 14th Judicial District, Dallas County, Texas; *Dean S. Hoover and Hoover & Associates v. David Weldon Burton and David Weldon Burton, Next Friend of Allen Dale Burton,* Civil No. 3:94–CV–0521–H, is **REMANDED** to the District Court for the 149th Judicial District, Brazoria County, Texas; and *Dean S. Hoover and Hoover & Associates v. LeQuita Hooker Holmes and Donald Hooker,* Civil No. 3:94–CV–0577–H, is **REMANDED** to the District Court for the 68th Judicial District, Dallas County, Texas.

SO ORDERED.